[No. 5284-9-II.   Division Two.   May 21, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN
D. PRIMROSE, *Appellant.*

*J. A. Hamm,* for appellant.

*Henry Dunn, Prosecuting Attorney,* and *David Koss, Deputy,* for respondent.

REED, C.J.—Defendant John D. Primrose appeals his jury conviction of first degree bail jumping. RCW 9A.76-.170. Defendant concedes that he failed to appear at a preliminary hearing, with knowledge that such appearance was required, after being released on bail in connection with a first degree robbery charge. However, he maintains that the trial court's instructions improperly took away the issue of lawful excuse. We agree and reverse the conviction.

We must first dispose of defendant's complaints that his constitutional speedy trial rights were violated because the State delayed filing bail jumping charges for 34 days while he was in custody on the robbery charge. Also, that he was not afforded a probable cause hearing to determine if he was lawfully in custody when he was admitted to bail. Defendant's speedy trial argument must fall under the holdings in *United States v. Marion,* 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971) and *State v. Haga,* 8 Wn. App. 481, 507 P.2d 159 (1973). His contention regarding the failure to hold a probable cause hearing is disposed of by the rule enunciated in *Frisbie v. Collins,* 342 U.S. 519, 96 L. Ed. 541, 72 S. Ct. 509 (1952) and *Davis v. Rhay,* 68 Wn.2d 496, 413 P.2d 654 (1966).

We turn now to the dispositive issue on this appeal which concerns the propriety of jury instruction 6, which reads as follows:

As a matter of law the defendant has not introduced evidence concerning a lawful excuse for his failure to appear.

We believe this instruction was improper when viewed in light of the statutory elements of bail jumping set forth in RCW 9A.76.170.[1]

---

[1]RCW 9A.76.170 reads in relevant part:

"Bail jumping. (1) Any person having been released by court order or admitted to bail with the requirement of a subsequent personal appearance before any court of this state, and who knowingly fails without lawful excuse to appear as

By the plain language of RCW 9A.76.170, the crime of bail jumping consists of three elements. In order to establish the crime the State must prove: (1) that an individual was released from custody with the requirement of a subsequent personal appearance before a court; (2) that he knowingly failed to appear as required; and (3) that such failure to appear was without lawful excuse. *See* WPIC 120.14. The statute does not specifically define the term "lawful excuse" as it applies to the third element. Instead, the statute provides that the lack of such excuse *shall* be inferred, "[u]nless otherwise established". RCW 9A.76.170.[2]

██ Despite its failure to specifically define the term, the statute clearly makes the absence of a lawful excuse an element of the crime of bail jumping. Therefore, pursuant to well settled legal principles, the State has the burden of establishing the lack of such excuse by proof beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). This burden may not be shifted to the defendant. *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975); *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977). Consequently, it is inappropriate for a trial court to resolve the issue of whether the State has established this element as a matter of law, even where the explanation offered by the defendant for his failure to appear may at best be characterized as hard to believe. *See State v. Ring,* 52 Wn.2d 423, 325 P.2d 730

---

required is guilty of bail jumping. Unless otherwise established, the failure to appear when required shall be inferred to have been without lawful excuse."

[2]While we perceive grave questions of constitutional magnitude regarding the use in RCW 9A.76.170 of the undefined term "lawful excuse," *see State v. White,* 97 Wn.2d 92, 640 P.2d 1061 (1982); *Bellevue v. Miller,* 85 Wn.2d 539, 536 P.2d 603 (1975), and with the potential shifting of the burden of proving the existence of such an excuse to the defendant by use of the statutory presumption (mandatory inference), *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977); *State v. Odom,* 83 Wn.2d 541, 520 P.2d 152 (1974), we need not and will not confront these questions at this time because this case can be decided on the basis of the improper jury instruction given at trial. *State v. Claborn,* 95 Wn.2d 629, 628 P.2d 467 (1981). Our concerns in this regard are shared by the Washington Supreme Court Committee on Jury Instructions, *see* Comment, WPIC 120.40.

(1958); *State v. Davis,* 72 Wash. 261, 130 P. 95 (1913); *State v. Eaton,* 20 Wn. App. 351, 582 P.2d 517 (1978).

These fundamental legal principles were violated in the instant case. By withdrawing the issue from the jury the trial court made a legal determination that defendant's explanation for his conduct, even if believed, did not constitute a lawful excuse for his failure to appear. In doing so, the court impermissibly relieved the State of its burden of proving an essential element of the crime beyond a reasonable doubt. *In re Winship, supra.* The instruction was tantamount to directing a verdict for the State, thus ignoring the jury's prerogative to acquit against the evidence, sometimes referred to as the jury's pardon or veto power. *See* Westen, *The Three Faces of Double Jeopardy: Reflections on Government Appeals of Criminal Sentences,* 78 Mich. L. Rev. 1001, 1012–16 (1980).

The conviction is reversed, the sentence vacated and the matter remanded for a new trial.

PETRIE and WORSWICK, JJ., concur.