[No. 23088-7-II.    Division Two.    December 10, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. TONY ALLEN IBSEN, *Appellant*.

---

*Thomas A. Ladouceur,* for appellant (appointed counsel for appeal).

*James J. Stonier, Prosecuting Attorney,* and *Edwin Nick Norton, Deputy,* for respondent.

HOUGHTON, J. — Tony Allen Ibsen appeals a felony bail jumping conviction, arguing the document charging him omitted an essential element of the offense. We agree and reverse.

## FACTS

On August 28, 1997, Ibsen appeared in court to request a continuance of his second degree assault trial. The court granted the request, setting the trial for October 22, 1997, and a pretrial hearing for October 2. Ibsen failed to appear for the hearing.

The State charged Ibsen with bail jumping. The charging document alleged:

> The defendant, in the County of Cowlitz, State of Washington, on or about October 02, 1997, having been admitted to bail with the requirement of a subsequent personal appearance before Cowlitz County Superior Court, a court of the State of Washington, did knowingly fail to appear as required contrary to RCW 9A.76.170(1) and against the peace and dignity of the State of Washington.

Clerk's Papers at 1.

At trial, after both sides rested but before the court instructed the jury, Ibsen challenged the information, noting it did not state whether he had failed to appear on a felony or misdemeanor charge. In light of the omission, Ibsen proposed a jury instruction on misdemeanor bail jumping, arguing he had been charged only with that lesser offense.

The trial court refused Ibsen's proposed instruction and instructed the jury on bail jumping with second degree assault as the predicate crime. The jury convicted. Ibsen appeals.

## ANALYSIS

In every prosecution, the defendant must be informed of the nature and cause of the accusation. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22 (amend. 10). "The . . . information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." CrR 2.1(a)(1). It must allege facts supporting every statutory and nonstatutory element of the crime. *State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991).

When an information is challenged before the verdict, a strict standard applies: all the elements of the crime must be present on the face of the document. *See State v. Johnson*, 119 Wn.2d 143, 149-50, 829 P.2d 1078 (1992). But if first challenged after the verdict, an information is liberally construed. The court asks whether the necessary facts appear in any form in the charging document. If so, the defendant must show actual prejudice to obtain dismissal. *See Kjorsvik*, 117 Wn.2d at 105-06. In neither instance can a correct jury instruction cure a deficient information. *State v. Vangerpen*, 125 Wn.2d 782, 788, 888 P.2d 1177 (1995).

Under either standard, the information charging Ibsen was insufficient. The bail jumping statute provides:

> (1) Any person having been released by court order or admitted to bail with the requirement of a subsequent personal

appearance before any court of this state, and who knowingly fails to appear as required is guilty of bail jumping.

(2) Bail jumping is:

(a) A class A felony if the person was held for, charged with, or convicted of murder in the first degree;

(b) A class B felony if the person was held for, charged with, or convicted of a class A felony other than murder in the first degree;

(c) A class C felony if the person was held for, charged with, or convicted of a class B or class C felony;

(d) A misdemeanor if the person was held for, charged with, or convicted of a gross misdemeanor or misdemeanor.

RCW 9A.76.170. In this case, the charging instrument closely follows subsection one and ignores subsection two. But subsection two is important. It defines the degree and therefore the penalty for bail jumping.

Ibsen's analogy to welfare fraud where the degree of the crime depends on the amount of money involved is convincing. Welfare fraud, RCW 74.08.331, borrows only the penalties for theft.[1] *State v. Delcambre*, 116 Wn.2d 444, 448, 805 P.2d 233 (1991). "[A]n information that charges welfare fraud in the language of the statute, plus the monetary amount involved to determine the penalty, apprises a defendant with reasonable certainty of the charge against him." *Id*. at 451. Thus, a fact relevant only to determining the penalty is an essential element of welfare fraud. *See State v. Campbell*, 125 Wn.2d 797, 804, 888 P.2d 1185 (1995).

■ The underlying offense of a bail jumping charge is relevant only to determining the penalty involved. According to the reasoning in welfare fraud cases, the underlying offense must be an essential element of bail jumping. Even absent the welfare cases, this conclusion is correct. The in-

---

[1]Penalties are based upon the degree of theft, which varies by the amount taken. *See* RCW 9A.56.020-.050.

formation charging Ibsen failed to "set forth all the elements necessary to constitute the offense *intended to be punished.*" *United States v. Carll*, 105 U.S. (15 Otto) 611, 612, 26 L. Ed. 1135 (1881) (holding an indictment insufficient) (emphasis added).

In summary, under either a liberal or strict construction, the underlying offense of the bail jumping charge cannot be found in the charging document. Therefore, the information was insufficient, and the charge is dismissed without prejudice. *See Vangerpen*, 125 Wn.2d at 791-95.

Reversed.

ARMSTRONG, A.C.J., and MORGAN, J., concur.