170 P.3d 30 (2007)
STATE of Washington, Respondent,
v.
Demetrius T. WILLIAMS, Petitioner.
No. 78984-3.
Supreme Court of Washington, En Banc.
Argued June 14, 2007.
Decided November 8, 2007.
*31 Constance Mary Crawley, Prosecutor's Office Snohomish Co. Courthouse, Everett, WA, for Respondent.
Nancy P. Collins, Washington Appellate Project, Seattle, WA, for Petitioner.
J.M. JOHNSON, J.
¶ 1 The question before us is whether the classification of the underlying felony or misdemeanor is an essential element of bail *32 jumping and therefore must be included in both the information and the to-convict jury instruction.
¶ 2 A jury convicted Demetrius Williams of bail jumping based on the underlying charge of possession of a controlled substance. On appeal, Williams argues that the information should have identified the classification (A, B, C felony or misdemeanor) of the alleged crime. He also contends that the to-convict jury instruction should have contained the classification of his underlying offense.
¶ 3 We find that the penalty class of the underlying charge not an essential element of bail jumping and thus is not required in either the charging documents or the to-convict jury instruction. We therefore affirm the ruling of the appellate court.

FACTS AND PROCEDURAL HISTORY
¶ 4 On April 11, 2003, Demetrius T. Williams was charged in Snohomish County Superior Court with "possess[ion of] a controlled substance, to wit: cocaine; proscribed by RCW 69.50.401(d), a felony." Clerk's Papers (CP) at 102. The State's first information alleged Williams did "on or about the 11th day of February, 2003 . . . unlawfully possess a controlled substance." CP at 102-03. The affidavit of probable cause alleged that after Williams was arrested, a search of his person revealed several $100 bills in his pants pocket and 1.3 grams of cocaine. CP at 100.
¶ 5 On December 4, 2003, Williams missed his omnibus hearing, and the court issued a bench warrant for his arrest. Based on Williams' failure to appear at the hearing, the State filed an amended information on April 23, 2004, adding one count of bail jumping to the cocaine possession charge. At a pretrial suppression hearing on May 18, 2004, the trial court granted Williams' motion to suppress and dismissed the possession charge. On the same day, the State filed a second amended information charging Williams solely with bail jumping. The charging documents that accompanied the information alleged Williams had been charged with "Possession of a Controlled Substance, a felony . . . [and] did fail to appear as required, proscribed by RCW 9A.76.170(1), a felony." CP at 86.[1] A jury convicted Williams of felony bail jumping, and the trial court sentenced him to 43 months in prison.
¶ 6 On appeal, Williams argued that the penalty class of the underlying offense is an essential element of bail jumping. He contended that the charging information should have identified the classification (A, B, C felony or misdemeanor) of the alleged crime. He also argued that the to-convict jury instruction should have contained the classification of his underlying offense.
¶ 7 The Court of Appeals rejected Williams' arguments and upheld the trial court decision. State v. Williams, 133 Wash. App. 714, 136 P.3d 792 (2006). Applying this court's analysis in State v. Miller, 156 Wash.2d 23, 123 P.3d 827 (2005), the court concluded the express language of RCW 9A.76.170(1) set forth all of the essential elements of bail jumping. The court distinguished the singular crime of bail jumping from the various levels of penalties found in the third part of the statute. RCW 9A.76.170(3). It held that the penalty class of the underlying charge is not an implied essential element of the crime; it merely determines the sentencing length following the actual conviction.

STANDARD OF REVIEW
¶ 8 We review a challenge to the sufficiency of the charging document de novo. State v. Campbell, 125 Wash.2d 797, 801, 888 P.2d 1185 (1995). We also review the sufficiency of a to-convict instruction de novo. State v. Mills, 154 Wash.2d 1, 7, 109 P.3d 415 (2005). We review jury instructions "in the context of the instructions as a whole," State v. Pirtle, 127 Wash.2d 628, 656, 904 P.2d 245 (1995), and the reviewing court generally *33 "may not rely on other instructions to supply the element missing from the `to convict' instruction." State v. DeRyke, 149 Wash.2d 906, 910, 73 P.3d 1000 (2003) (quoting State v. Smith, 131 Wash.2d 258, 262-63, 930 P.2d 917 (1997)).

ANALYSIS
A. Charging Documents
¶ 9 In the instant case, Mr. Williams was charged with felony unlawful possession of a controlled substance under former RCW 69.50.401(d) (1998).[2] In analyzing the sufficiency of the charging information, we must first address whether the penalty classification (class A, B, C felony or misdemeanor) of bail jumping is an essential element of that crime. In Washington, a charging document must allege facts which support every element of the offense and must adequately identify the crime charged. State v. Leach, 113 Wash.2d 679, 689, 782 P.2d 552 (1989). The rationale behind including "essential elements" rather than only "statutory elements" is to give the accused proper notice of the nature of the crime so that the accused can prepare an adequate defense. State v. Kjorsvik, 117 Wash.2d 93, 101, 812 P.2d 86 (1991). However, we first look to the statute, because the legislature defines elements of crimes, to determine the elements "`that the prosecution must prove to sustain a conviction.'" Miller, 156 Wash.2d at 27, 123 P.3d 827 (quoting BLACK'S LAW DICTIONARY 559 (8th ed.2004)).
¶ 10 Bail jumping is defined in RCW 9A.76.170.[3] "[T]he elements of bail jumping are met if the defendant: (1) was held for, charged with, or convicted of a particular crime; (2) was released by court order or admitted to bail with the requirement of a subsequent personal appearance; and, (3) knowingly failed to appear as required." State v. Pope, 100 Wash.App. 624, 627, 999 P.2d 51 (2000) (emphasis added).
¶ 11 There is a fundamental split between two divisions of the Court of Appeals regarding the adequacy of bail jumping charging information. Division Two holds that the classification of the underlying crime is an element of bail jumping. State v. Ibsen, 98 Wash.App. 214, 217, 989 P.2d 1184 (1999). Under this analysis, RCW 9A.76.170(1) must be read in conjunction with RCW 9A.76.170(3) where the definition of bail jumping and its possible penalties are both essential elements of the crime. Division One, by contrast, recently held that the classification of the underlying crime is not a statutory element of bail jumping. See, e.g., State v. Gonzalez-Lopez, 132 Wash.App. 622, 132 P.3d 1128 (2006). The court in Gonzalez-Lopez specifically rejected the Ibsen court's analogy, which compared bail jumping to the degrees of theft in welfare fraud. Id. at 634, 132 P.3d 1128. The Gonzalez-Lopez court held that all of the elements of bail jumping are clearly articulated in RCW 9A.76.170(1) and that penalties mentioned in RCW 9A.76.170(3) are a separate and subsequent judicial determination. Id. at 636, 132 P.3d 1128.
*34 ¶ 12 We agree with the reasoning set forth by Division One. An examination of the statute demonstrates that the actual elements of the crime are clearly set forth in the first section, without reference to the penalty section.
¶ 13 Under Washington law, to be convicted of bail jumping, the defendant must be charged with "a particular [underlying] crime." Pope, 100 Wash.App. at 627, 999 P.2d 51. Using this standard, the courts have invalidated a number of generic charging attempts. For example, in Ibsen, 98 Wash.App. at 215, 989 P.2d 1184 (quoting CP at 1), the information simply noted that the defendant had "`been admitted to bail with the requirement of a subsequent personal appearance'" in court. This generic description was found constitutionally insufficient because it did not allow the accused to plan a defense. Id. Another instance of insufficient charging language is found in State v. Green, 101 Wash.App. 885, 888, 6 P.3d 53 (2000), where the information charged only "Cause No. 98-1-00123-2" rather than name the particular crime. Finally, in Pope, 100 Wash. App. at 629-30, 999 P.2d 51, the court held that information that merely stated that the defendant had failed to appear "`regarding a felony matter'" (emphasis omitted) was constitutionally insufficient.
¶ 14 The current case is unlike the examples above. Here, the charging language depicting Williams' crime was sufficient because it identified the particular crime of "unlawful possession of a controlled substance" and alleged a corresponding felony bail jumping violation. See supra note 1; see also State v. Spiers, 119 Wash.App. 85, 89-91, 79 P.3d 30 (2003) (defendant received adequate notice when charging document only alleged he failed to appear for a "class B or C felony").
¶ 15 Additionally, when a charging document is challenged for the first time on appeal, it must be construed liberally. Thus, we need only determine if the necessary facts appear in any form in the charging document. Ibsen, 98 Wash.App. at 216, 989 P.2d 1184. The test for the liberal interpretation of the document is: "(1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?" Kjorsvik, 117 Wash.2d at 105-06, 812 P.2d 86.
¶ 16 Applying this standard, we find that the charging information, construed liberally, was sufficient under the first prong of the Kjorsvik test. Id. at 105, 812 P.2d 86. The charging information clearly stated that Williams was charged with "Possession of a Controlled Substance, a felony" and as a result, he faced felony bail jumping. CP at 86. Due to this twice referenced felony charge, Williams cannot point to any lack of notice due to the inartful phrasing of the information.
¶ 17 The second prong of the Kjorsvik test allows the court to look outside the information to determine whether the defendant suffered actual prejudice. 117 Wash.2d at 106, 812 P.2d 86. The court notes that "[i]t is possible that other circumstances of the charging process can reasonably inform the defendant in a timely manner of the nature of the charges." Id. In the instant case, the information was accompanied by a statement of probable cause, which detailed the 1.3 grams of cocaine found on Williams, along with several hundred dollars. Williams was not actually prejudiced because he could adequately prepare his defense. He also received proper notice, which is the ultimate goal of the charging documents. We affirm the ruling of appellate court and hold that the penalty classification of bail jumping is not an essential element of that crime and is not necessary for charging information to be sufficient.
B. To-Convict Instructions
¶ 18 Next, we must decide whether the classification of the underlying felony or misdemeanor in the to-convict jury instruction is an essential element of bail jumping. In the current case, the to-convict jury instruction required a finding that the defendant was charged with possession of controlled substance, with no mention of the *35 underlying crime's classification.[4] A to-convict instruction must include all of the elements of a crime because it is the touchstone that a jury must use to determine guilt or innocence. DeRyke, 149 Wash.2d at 910, 73 P.3d 1000.[5] If the classification of the underlying charge is an element of bail jumping, then it must be in the to-convict instruction. However, if the classification is not an element of bail jumping, and RCW 9A.76.170(1) stands alone, then a simple identification of the underlying charge is sufficient.
¶ 19 In the instant case, the Court of Appeals addressed whether the classification is an essential element of bail jumping. It held that:
[T]he penalty classification is relevant only to the sentence to be imposed on conviction, a topic the jury is not even permitted to consider in its deliberations. It is not an element of the crime, so there was no infirmity in the information or the `to convict' instruction here.
Williams, 133 Wash.App. at 716, 136 P.3d 792 (footnote omitted). The court, citing Miller, 156 Wash.2d at 27, 123 P.3d 827, characterized the classification of the bail jumping charge as a legal question outside of the jury's domain because it is neither an express nor implied element of the crime. See Williams, 133 Wash.App. at 719-20, 136 P.3d 792; see also Miller, 156 Wash.2d at 24, 123 P.3d 827 (Where the validity of a no-contact order was not an express statutory element of the crime it was not a necessary part of the to-convict instruction. Rather, it was a "question of law appropriately within the province of the trial court to decide."). Similarly, the court in Gonzalez-Lopez held that the express elements of bail jumping under RCW 9A.76.170(1) do not include the penalty clauses under subsection (3), and it went on to approve a to-convict bail jumping instruction that was predicated on "`Attempted Child Molestation in the First Degree, a felony,'" 132 Wash.App. at 629, 639, 132 P.3d 1128. The court stated "[t]here is no need to construe the statute. The words are plain and unambiguous." Id at 629, 132 P.3d 1128.
¶ 20 We agree with the reasoning of the Court of Appeals in both the current case and in Gonzalez-Lopez. Subsection (1) of RCW 9A.76.170 outlines the elements of bail jumping and does not explicitly or implicitly reference the penalties in subsection (3). The underlying offense is merely a gateway to get to the separate bail jumping charge, and a simple identification of the alleged crime is sufficient. We hold that the classification of the underlying crime is not an essential element of bail jumping and, therefore, does not have to be included in the to-convict instruction.
¶ 21 Even if this court found that RCW 9A.76.170(3) is an element of bail jumping, which we do not, the to-convict instruction is still sufficient in the current case. Here, the jury was informed that Williams' underlying charge was "possession of a controlled substance." Although there was no felony modifier, the felony language was in *36 the charging information, the accompanying statement of probable cause, and the original information alleging cocaine possession was introduced into evidence during trial. Jury instruction 1 states that "[t]he only evidence you are to consider consists of the testimony of witnesses and the exhibits admitted into evidence." CP at 71. The charging information (that we just found to be sufficient) was given to the jury as an exhibit to prove an element of the to-convict. Its use as an exhibit is functionally the same as if it were part of the to-convict jury instruction. The prosecutor also referenced the charging document exhibit in his closing argument as he attempted to prove each element of the to-convict jury instruction. The jury found the defendant guilty of "Bail Jumping as charged in Count I." CP at 69. Count I of the State's second amended information clearly indicated that the defendant had failed to appear after being charged with "Possession of a Controlled Substance, a felony." CP at 86-87.
¶ 22 As a final note, any jury misunderstanding of the underlying charge could have been only in Williams' favor, i.e., if the jury thought the underlying charge was a misdemeanor drug charge (marijuana), this is a lesser charge than Williams actually jumped. We affirm the Court of Appeals and hold that the to-convict instruction was proper.
C. Apprendi
¶ 23 Lastly, we must analyze whether the to-convict instruction in the current case was proper under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Supreme Court in United States v. Booker, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), characterized Apprendi's holding as follows: "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (Emphasis added.) In Blakely v. Washington, 542 U.S. 296, 311, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Court interpreted the statutory maximum to be the high end of the standard range, or an exceptional sentence.
¶ 24 Williams argues that both the information and to-convict instruction were constitutionally defective because neither addressed the complete identity of the underlying offense (classification and identity of the controlled substance). This court addressed a similar issue in State v. Goodman, 150 Wash.2d 774, 785, 83 P.3d 410 (2004), where the defendant argued that a charge of possession with intent to deliver "meth" was deficient because the shorthand could be confused with drugs other than methamphetamine, the possession of which might carry a lesser sentence.[6] The court agreed, holding that charging possession of "methamphetamine" (rather than "meth" or some other drug) in the amended information was crucial because the presence of that specific drug increased the statutory maximum sentence. Id. at 778, 83 P.3d 410. However, due to the liberal reading given to charging documents on appeal, the court upheld the conviction. Id.
¶ 25 Williams correctly argues that any fact that imposes more serious punishment is an essential element of the offense and must be alleged in a proper to-convict instruction or information under Apprendi.[7] Indeed, we held in Goodman that "the identity of a controlled substance is an element of the offense where it aggravates the maximum sentence with which the court may sentence a defendant." Id. at 785-86, 83 P.3d 410 (citing Apprendi, 530 U.S. at 490, 120 S.Ct. 2348). Using this language, Williams argues that failure to identify the illegal substance *37 as cocaine in the second amended information is insufficient based on the availability of a misdemeanor possession charge under former RCW 69.50.401(e) (1998).[8]
¶ 26 We find Williams' reasoning unpersuasive because unlawful possession of any controlled substance (except marijuana) in Washington is either a class B or C felony. Id. Because the charging information related to the crime for which he failed to appear alleged felony possession (and the statement of probable cause for that crime identified cocaine), misdemeanor marijuana possession is easily ruled out. Thus, only one penalty section could apply. The Goodman issue is not present because felony possession of any drug would have resulted in the same sentence. See RCW 9A.76.170(3)(c).
¶ 27 Furthermore, the sentence derived from the to-convict instruction was proper under Apprendi and Blakely. There is no violation because Williams' 43 month sentence was at the low end of the recommended 43-57 month range. This is not the high end of the range or the maximum sentence that the judge could impose based on the facts proved to the jury. See Blakely, 542 U.S. at 303, 124 S.Ct. 2531; Apprendi, 530 U.S. at 491, 120 S.Ct. 2348 (overturning a first degree sentence given to a second degree conviction). Here, Williams fails to satisfy the threshold condition of Apprendi that the actual sentence imposed be longer than the maximum sentence for the crime for which a defendant has been validly convicted. 530 U.S. at 491, 120 S.Ct. 2348. Williams received the lowest possible sentence recommended by the sentencing guidelines. We find no violation of Apprendi or Blakely in the current case.

CONCLUSION
¶ 28 In sum, "[w]hile the penalties for bail jumping are divided into classes, the crime itself is not." Gonzalez-Lopez, 132 Wash. App. at 635, 132 P.3d 1128. Therefore, the classification for sentencing purposes of both the underlying offense and the bail jumping charge is a question of law for the judge. In fact, 11 Washington Practice: Washington Pattern Jury Instructions: Criminal 1.02 (2d ed. 1994) (WPIC) prohibits jurors from considering punishment in their deliberations.[9] Regarding the sufficiency of the information and to-convict instruction, "the underlying crime merely establishes the penalty that may be imposed following a bail jumping conviction." Williams, 133 Wash. App. at 721, 136 P.3d 792. As such, the penalty classification of the underlying crime is not an element of bail jumping in Washington. We affirm the ruling of the appellate court.
WE CONCUR: Chief Justice GERRY L. ALEXANDER, TOM CHAMBERS, CHARLES W. JOHNSON, SUSAN OWENS, BARBARA A. MADSEN, MARY E. FAIRHURST, RICHARD B. SANDERS and BOBBE J. BRIDGE, JJ.
NOTES
[1] Second Amended Information: "BAIL JUMPING, committed as follows: That the defendant, on or about the 4th day of December, 2003, being charged with Possession of a Controlled Substance, a felony . . . and knowing of the requirement of the subsequent personal appearance, did fail to appear as required, proscribed by RCW 9A. 76.170(1), a felony." (Emphasis added.)
[2] "(d) It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a crime, and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both, except as provided for in subsection (e) of this section." Former RCW 69.50.401.
[3] RCW 9A.76.170 provides: "(1) Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, or of the requirement to report to a correctional facility for service of sentence, and who fails to appear or who fails to surrender for service of sentence as required is guilty of bail jumping.

". . . .
"(3) Bail jumping is:
"(a) A class A felony if the person was held for, charged with, or convicted of murder in the first degree;
"(b) A class B felony if the person was held for, charged with, or convicted of a class A felony other than murder in the first degree;
"(c) A class C felony if the person was held for, charged with, or convicted of a class B or class C felony;
"(d) A misdemeanor if the person was held for, charged with, or convicted of a gross misdemeanor or misdemeanor."
[4] The State's proposed jury instruction and the court's actual instruction to the jury were based substantially on 11A Washington Practice: Washington Pattern Jury Instructions: Criminal 120.41 (2d ed.1994). The relevant instruction states:

Instruction No. 3: To convict the defendant of the crime of bail jumping as charged in Count I, each of the following elements of the crime must be proved beyond a reasonable doubt:
(1) That the defendant was charged with Possession of a Controlled Substance;
(2) That the defendant had been released by court order or admitted to bail with the requirement of a subsequent personal appearance before that court;
(3) That on or about the 4th of December, 2003, the defendant knowingly failed to appear as required by a court; and
(4) That the acts occurred in the State of Washington.
If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.
CP at 75.
[5] Fundamental to the due process of law is that each element of the crime is proved by the prosecution beyond a reasonable doubt. State v. Byrd, 125 Wash.2d 707, 713-14, 887 P.2d 396 (1995); U.S. CONST. amend. XIV; WASH. CONST. art. I, §§ 3, 22.
[6] "Goodman's conviction for possession with intent to deliver methamphetamine carried a maximum sentence of 10 years. RCW 69.50.401(a)(1)(ii). Had he been convicted of possessing a controlled substance other than those carrying the 10-year maximum he would have been imprisoned for no more than 5 years. RCW 69.50.401(a)(1)(iii)." Goodman, 150 Wash.2d at 786, 83 P.3d 410 (footnote omitted).
[7] Mr. Williams has two prior convictions for violating the uniformed controlled substances act, and thus, the maximum punishment authorized by law is double that otherwise listed in RCW 69.50.401.
[8] "(e) Except as provided for in subsection (a)(1)(iii) of this section any person found guilty of possession of forty grams or less of marijuana shall be guilty of a misdemeanor." RCW 67.50.401 (emphasis added).
[9] WPIC 1.02: "You have nothing whatever to do with any punishment that may be imposed in case of a violation of the law. The fact that punishment may follow conviction cannot be considered by you except insofar as it may tend to make you careful."