FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 NOV 18 AM 9: 22



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, )<br>)<br>Respondent, )<br>)<br>v. )<br>)<br>DOLORES E. PIMIENTA-DE SINNER, )<br>AKA EVANGELINA PIMIENTA, )<br>)<br>Appellant. ) | No. 68567-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: November 18, 2013 |

APPELWICK, J. — Pimienta-De Sinner appeals her conviction for first degree theft. She contends that the amended information charging her with the offense was constitutionally deficient, because it omitted an essential element of the crime. We affirm.

## FACTS

The State filed an amended information with the King County Superior Court Clerk on April 29, 2011, charging Dolores Pimienta-De Sinner with four counts of first degree theft (counts III, VI, IX, and XIII), three counts of first degree identity theft (counts X, XIV, and XV), and two counts of witness tampering (counts XI and XII). Only count IX is at issue on appeal, which reads as follows:

> That the defendant DOLORES E. PIMIENTA-DE SINNER AKA EVANGELINA PIMIENTA in King County, Washington, on or about December 31, 2007, with intent to deprive another of property, to-wit: U.S. currency via the Castro/Guido loan for $290,000, did obtain control over such property belonging to IndyMac Bank F.S.B., by color and aid of deception, that the value of such property did exceed $5,000;

Contrary to RCW 9A.56.030(1)(a) and 9A.56.020(1)(b), and against the peace and dignity of the State of Washington.

The jury found her guilty on counts IX, X, and XII. She appeals.

## DISCUSSION

For the first time, Pimienta-De Sinner argues that the charging document does not contain the essential statutory element for count IX that the value of the stolen property exceeded $1,500. She concedes that the amended information alleged that the value of the stolen property exceeded $5,000. But, she maintains that $5,000 was not an essential element of the crime as charged and therefore cannot cure the constitutional deficiency in the charging document. We disagree.

We review challenges to the sufficiency of a charging document de novo. State v. Williams, 162 Wn.2d 177, 182, 170 P.3d 30 (2007). All essential elements of an alleged crime must be included in the charging document in order to afford defendants notice of the nature of the allegations so they can properly prepare their defense. State v. Kjorsvik, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991). If, as here, the sufficiency of a charging document is not challenged until after the verdict, we liberally construe the document in favor of validity. Id. at 102. We must consider (1) whether the necessary elements appear in any form, or can be found by fair construction, in the charging document; and, if so, (2) whether the defendant nonetheless suffered actual prejudice as a result of the inartful, vague, or ambiguous charging language. Id. at 105-06. If we do not find the necessary elements, we presume prejudice and reverse. State v. McCarty, 140 Wn.2d 420, 425, 998 P.2d 296 (2000).

2

The State charged Pimienta-De Sinner in 2011 with committing first degree theft on or about December 31, 2007. At the time of the crime, the statute provided that

A person is guilty of theft in the first degree if he or she commits theft of:

(a) Property or services which exceed(s) one thousand five hundred dollars in value other than a firearm as defined in RCW 9.41.010.

Former RCW 9A.56.030(1) (2007). The legislature amended the first degree theft statute in 2009, raising the monetary threshold to $5,000. LAWS OF 2009, ch. 431, § 7. The amended statute applied to crimes committed after September 1, 2009. LAWS OF 2009, ch. 431, § 20. The higher $5,000 threshold thus did not apply to Pimienta-De Sinner's 2007 theft.

Even though it included the higher threshold in count IX, read fairly, the information reasonably apprised Pimienta-De Sinner of the nature of the first degree theft charge. Stolen property valued in excess of $5,000 necessarily exceeds $1,500, too.

Because the monetary threshold element appears in some form in the amended information, we need not presume prejudice. So, we proceed to the second prong of the Kjorsvik test to ask whether the charging language actually prejudiced Pimienta-De Sinner. Kjorsvik, 117 Wn.2d at 105-06. She has not argued that she was actually prejudiced. Nor can we discern any potential prejudice. Clearly, the $290,000 that the State charged her with stealing exceeds both $1,500 and $5,000. The State's use of the higher threshold could not have disadvantaged her defense preparations.

We hold that, because the essential monetary element of first degree theft appeared in the amended information for count IX at an amount greater than required

3

by the statute, the information was not constitutionally deficient as Pimienta-De Sinner claims.

We affirm.

WE CONCUR: