# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50405-7-II |
| Respondent, | |
| v. | |
| MICHAEL JOSEPH SALAS TORRE, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON J. — Michael Torre appeals his conviction for bail jumping. He argues that (1) the admission of a bench warrant as an exhibit constituted an improper judicial comment on the evidence, (2) the State provided insufficient evidence to support Torre's conviction, and (3) the charging information was deficient. Because the charging information failed to allege the essential elements of bail jumping, we reverse Torre's conviction and dismiss without prejudice.[1]

## FACTS

A Washington State Patrol trooper stopped Torre after Torre drove past him in the opposite direction and failed to dim his headlights. During the traffic stop, the trooper became suspicious that Torre was under the influence of drugs. The trooper arrested Torre and searched his vehicle, wherein the trooper discovered items suspected of containing methamphetamine. The State

---

[1] Torre also makes several arguments involving the sentencing court's calculation of his offender score. However, because we hold that the charging information was deficient and reverse Torre's bail jumping conviction, we do not address his sentencing arguments.

charged Torre with possession of a controlled substance—methamphetamine and driving under the influence. Torre was arraigned and the court set an omnibus hearing for October 6, 2016. Torre appeared in court on October 6, and the omnibus hearing was continued until November 3, 2016. On November 3, the trial court entered an order granting a bench warrant for Torre because he failed to appear at the hearing.

On March 20, 2017, the State filed a third amended information, charging Torre with one count of possession of a controlled substance—methamphetamine, one count of driving under the influence, one count of third degree driving while license suspended or revoked, and one count of bail jumping. The amended information charged bail jumping as follows:

> On or about November 3, 2016, in the County of Kitsap, State of Washington, the above-named Defendant, having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before a court of this state or of the requirement to report to a correctional facility for service of sentence, did fail to appear or did fail to surrender for service of sentence in which a Class B or Class C felony has been filed, to-wit: Kitsap County Superior Court Cause No. 16-1-00970-9; contrary to Revised Code of Washington 9A.76.170.

Clerk's Papers (CP) at 104-05.

The chief deputy clerk for Kitsap County, Alison Henderson Sonntag, testified at trial. She explained that her duties included supervising the clerk's office. She also testified that she had served as an in-court clerk for six years. Sonntag testified about the duties of an in-court clerk, which includes taking notes about what is happening in court, keeping track of exhibits, noting who is in court, noting who comes in and who leaves, noting each witness that testifies and each juror that is sworn in, and generally keeping notes of the proceedings. Sonntag testified that the docket in Torre's case reflected an omnibus hearing scheduled for October 6, which was continued

to November 3 at 10:30 A.M. Sonntag testified to the clerk's minutes from the October 6 hearing. She explained that the minutes reflected that Torre was present and given notice of the scheduled November 3 hearing as indicated by the box checked "[w]ritten and oral notice given to the defendant for the above set dates." III Verbatim Report of Proceedings (VRP) at 330. Sonntag testified that the clerk's minutes from November 3 indicated that Torre was not present because "where it says defendant is appearing, [the clerk] has circled 'no.'" III VRP at 334.

At trial, the State admitted the clerk's minutes from the superior court on November 3, 2016, indicating that Torre did not appear and noting that the courtroom was polled with no response at 11:31 A.M. The State also admitted the order for bench warrant, filed November 3, 2016. The order stated, "Defendant failed to appear for November 3, 2016, hearing." Supplemental CP, Ex. 13.

The jury found Torre guilty of bail jumping and third degree driving while license suspended or revoked. The jury was unable to reach a verdict on the charges of driving under the influence and possession of methamphetamine. The possession of methamphetamine was later dismissed by the State in exchange for Torre's plea of guilty to the driving under the influence charge. The sentencing court sentenced Torre to 53-months imprisonment on the bail jumping conviction with lesser time periods on the other two counts running concurrently.[2]

---

[2] The judgment and sentence erroneously listed the possession of controlled substance and DUI convictions only under "current offenses." CP at 221. However, the "sentencing data" section also listed the bail jumping conviction. CP at 222-23. An amended judgment and sentence was later entered which properly noted that the possession charge had been dismissed and properly included the driving with license suspended conviction. These corrections had no effect on the sentence.

ANALYSIS

I. IMPROPER JUDICIAL COMMENT

Torre first argues that the admission of a bench warrant as an exhibit stating that he "failed to appear" constituted an improper judicial comment on the evidence. We disagree.

Article IV, section 16, of the Washington State Constitution provides, "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." This constitutional provision prohibits a judge from conveying to the jury his personal opinion regarding the merits of the case or a particular issue within the case. CONST. art. IV, § 16; *State v. Theroff*, 95 Wn.2d 385, 389, 622 P.2d 1240 (1980). The prohibition is intended to prevent a trial judge's opinion from influencing the jury. *State v. Lane*, 125 Wn.2d 825, 838, 889 P.2d 929 (1995). Because a judicial comment on the evidence violates a constitutional prohibition, failure to object does not prevent a defendant from raising the issue on appeal. *State v. Becker*, 132 Wn.2d 54, 64, 935 P.2d 1321 (1997). A judicial comment is presumed prejudicial unless the State shows that the defendant was not prejudiced or the record affirmatively shows that no prejudice could have resulted. *State v. Levy*, 156 Wn.2d 709, 723, 132 P.3d 1076 (2006).

Here, Torre fails to demonstrate that the trial judge conveyed any attitudes toward the merits of the case or made any comment about the value of the exhibit. The State sought to admit the bench warrant as circumstantial evidence that Torre failed to appear for his hearing as required.

Our Supreme Court rejected a similar argument in *State v. Gentry*, 125 Wn.2d 570, 638–39, 888 P.2d 1105 (1995). There, during the penalty phase of a capital murder trial, the trial court admitted, as substantive evidence, a judgment and sentence for a prior conviction of rape at which the sentencing judge, who happened to be the same judge who was presiding over the capital

murder trial, had imposed an exceptional sentence upward. *Gentry*, 125 Wn.2d at 638. On appeal, the defendant argued that the act of admitting the judgment and sentence constituted an improper judicial comment on the evidence before the jury in the penalty phase. *Gentry*, 125 Wn.2d at 638. There, as here, there was no contention that the trial judge made any statement in front of the jury regarding his opinion of the merits of the case. *Gentry*, 125 Wn.2d at 638. The Supreme Court succinctly concluded, "[T]he judgment and sentence of the prior rape was not a comment on the evidence; it *was* the evidence." *Gentry*, 125 Wn.2d at 639 (emphasis in original).

The same is true, here. The admission of the bench warrant was not a comment on the evidence, it was the evidence, and consequently, there was no violation of article IV, section 16. We hold that Torre's claim fails.

## II. INSUFFICIENT EVIDENCE

Torre next argues that insufficient evidence supported his bail jumping conviction because the evidence only showed that he was not present at 11:31 A.M., and his hearing was scheduled for 10:30 A.M. We hold that sufficient evidence supported Torre's conviction for bail jumping.

We review challenges to the sufficiency of the evidence de novo. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). The State has the burden of proving all of the elements of a crime beyond a reasonable doubt. *Rich*, 184 Wn.2d at 903. When reviewing a claim of insufficient evidence, we ask whether a rational trier of fact could find that all of the crime's essential elements were proven beyond a reasonable doubt. *Rich*, 184 Wn.2d at 903. We view all the evidence in the light most favorable to the State. *Rich*, 184 Wn.2d at 903. And the defendant admits the truth of the State's evidence and all reasonable inferences that arise therefrom. *State v. Cardenas-Flores*,

189 Wn.2d 243, 265-66, 401 P.3d 19 (2017). Both circumstantial and direct evidence are considered equally reliable. *Cardenas-Flores*, 189 Wn.2d at 266.

The essential elements of bail jumping are that the defendant "'(1) was held for, charged with, or convicted of a particular crime; (2) was released by court order or admitted to bail with the requirement of a subsequent personal appearance; and, (3) knowingly failed to appear as required.'" *State v. Williams*, 162 Wn.2d 177, 183-84, 170 P.3d 30 (2007) (emphasis omitted) (*quoting State v. Pope*, 100 Wn. App. 624, 627, 999 P.2d 51 (2000)). In order to meet the knowledge requirement of bail jumping, the State must prove that a defendant has been given notice to appear at his required court dates. *State v. Cardwell*, 155 Wn. App. 41, 47, 226 P.3d 243 (2010), *modified on remand on other grounds*, 166 Wn. App. 1011 (2012).

Torre argues that insufficient evidence was presented to prove that he failed to appear in court at the specified time of 10:30 A.M. and cites to *State v. Coleman*, 155 Wn. App. 951, 231 P.3d 212 (2010) for support. However, *Coleman* is not persuasive here.

Contrary to Torre's argument, *Coleman* does not require the State to present evidence that he was absent from the court at exactly 10:30 A.M. The *Coleman* court concluded that the evidence was insufficient to prove bail jumping in that case because the evidence established only that Coleman was not present in the court at a time *earlier* than the time he was required to appear. *Coleman*, 155 Wn. App. at 963-64. While the evidence showed that Coleman was required to appear before the court for a hearing set for 9:00 A.M., the evidence only showed that he did not appear before the court by 8:30 A.M. *Coleman*, 155 Wn. App. at 963-64. Thus, there was insufficient evidence to show that *Coleman* failed to appear at the required time. *Coleman*, 155 Wn. App. at 964.

In contrast to *Coleman*, here, the State presented evidence in the form of the clerk's minutes and the order for bench warrant indicating that Torre was not present in the courtroom on November 3, 2016. Additionally, the courtroom was polled at 11:31 A.M., but there was no response. Thus, unlike in *Coleman*, the evidence did not merely show that Torre failed to appear in court before the scheduled time for his hearing.

Viewing the evidence in the light most favorable to the State and drawing all reasonable inferences in favor of the State, the State presented sufficient evidence to show that Torre failed to appear before the trial court as required on November 3, 2016. Therefore, we hold that sufficient evidence was presented to support Torre's bail jumping conviction.

### III. CHARGING INFORMATION

Torre next argues that the charging information failed to state two essential elements of bail jumping and therefore, was constitutionally deficient. Specifically, Torre contends that the information failed to note the State's obligation to prove that (1) Torre was "held for, charged with, or convicted of" a crime, and (2) Torre failed to appear "as required." Br. of Appellant 15. We hold that the charging information failed to contain all the essential elements because it did not state the underlying offense.

We review an allegedly deficient charging information de novo. *Williams*, 162 Wn.2d at 182. A charging information must contain all essential elements of a crime to give the accused proper notice of the crime charged so that he can prepare an adequate defense. *Williams*, 162 Wn.2d at 183. When a charging document is challenged for the first time on appeal, as it is here, we must construe it liberally in favor of its validity. *State v. Kjorsvik*, 117 Wn.2d 93, 105, 812 P.2d 86 (1991). In applying this liberal construction standard, we read the words in the charging

document as a whole and consider whether the necessary facts appear in any form. *Williams*, 162 Wn.2d at 185. If they do, we consider whether the defendant was "nonetheless actually prejudiced by the inartful language which caused a lack of notice[.]" *Williams*, 162 Wn.2d at 185 (quoting *Kjorsvik*, 117 Wn.2d at 105–06).

The elements of bail jumping are met if the defendant "'(1) was held for, charged with, or convicted of a particular crime; (2) was released by court order or admitted to bail with the requirement of a subsequent personal appearance; and, (3) knowingly failed to appear as required.'" *Williams*, 162 Wn.2d at 183–84 (emphasis omitted) (*quoting Pope*, 100 Wn. App. at 627; RCW 9A.76.170(1).

Torre argues that the charging information failed to state that he failed to appear "as required." Br. of Appellant 15. However, the charging information stated that Torre failed to appear or failed to surrender on November 3, 2016, despite having "knowledge of *the requirement* of a subsequent personal appearance before a court of this state or *of the requirement* to report to a correctional facility for service of sentence." CP at 105 (emphasis added). We hold that, liberally construed, this language adequately stated the essential element that Torre knowingly failed to appear as required.

Torre also argues that the charging information failed to inform Torre of the underlying offense he was "held for, charged with, or convicted of." Br. of Appellant 15; RCW 9A.76.170(1). The State argues that the "'convicted of a particular crime' piece is irrelevant." Br. of Resp't 20. However, the underlying offense is an essential element of bail jumping, and Washington courts have invalidated a number of generic charging attempts wherein the information failed to state the particular underlying crime. *Williams*, 162 Wn.2d at 185; *see also State v. Green,* 101 Wn. App.

885, 890-91, 6 P.3d 53 (2000) (holding that information charging only the superior court cause number rather than naming the particular crime was deficient.); *see also Pope*, 100 Wn. App. at 629 (holding that an information that merely stated that the defendant had failed to appear "regarding a felony matter" was deficient.) *see also State v. Ibsen*, 98 Wn. App, 214, 217-18, 989 P.2d 1184 (1999) (*abrogated on other grounds*) (holding a charging information which stated generally that the defendant had "been admitted to bail with the requirement of a subsequent personal appearance" deficient.).

Here, the charging information stated that Torre failed to appear or surrender in "Kitsap County Superior Court Cause No. 16-1-00970-9," but did not name the particular underlying crime. CP at 105. Thus, this charging information succumbs to the same deficiency as the charging information in *Green*, 101 Wn. App. at 891. There, we held that a charging information stating the superior court cause number of the underlying charge, but not naming the particular underlying crime, was deficient. *Green*, 101 Wn. App. at 891.

Because the charging information, liberally construed, does not contain all of the essential elements, we need not reach the issue of whether Torre was actually prejudiced. *Green*, 101 Wn. App. at 891. The proper remedy is dismissal without prejudice. Thus, we hold that the charging

information was deficient, and dismiss the bail jumping conviction without prejudice.  Because we reverse Torre's conviction without prejudice, we do not reach his arguments regarding his offender score.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, P.J.

BJORGEN, J.