FILED
COURT OF APPEALS
DIVISION II

2015 JAN 27 AM 8: 50

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>ROBERT DOUG PIERCE,<br><br>Appellant. | No. 45265-1-II<br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — Robert Doug Pierce appeals his convictions and sentences for two counts of bail jumping and one count of third degree theft. Pierce contends that his charging document was constitutionally deficient because the bail jumping counts did not identify the underlying charge. He also argues that the trial court abused its discretion by refusing to consider his request for an exceptional sentence downward. In a statement of additional grounds (SAG), Pierce maintains that (1) he received ineffective assistance of counsel, (2) the trial court erred by (a) denying his requests for new counsel, (b) granting Pierce's request to represent himself only if he did not seek any continuances, and (c) denying his request for standby counsel; (3) the trial court erred by admitting a court transcript pertaining to "David Doug Pierce" to support one of his bail jumping

convictions; and (4) the prosecutor committed misconduct. We reject Pierce's claims of error and affirm his convictions and sentences.

## FACTS

On October 17, 2011, Pierce shoplifted a cell phone from the Port Orchard Walmart. Deputy Sheriff Stephen Argyle arrested Pierce and took him to the Kitsap County Jail. After the two men entered a jail elevator, Argyle noticed a small baggie of methamphetamine between Pierce's feet.

The State charged Pierce on March 30, 2012, with one count of unlawful possession of a controlled substance under cause number 12-1-00347-3. After Pierce missed two court appearances, the State filed an amended information adding two counts of bail jumping and a count of third degree theft. A second amended information filed on March 4, 2013, added a third count of bail jumping that was later dismissed.

The trial court appointed attorney Paul Thimons to represent Pierce. At a hearing on February 7, 2013, Pierce asked for a new attorney after complaining that Thimons had waited too long to interview witnesses and did not believe Pierce's version of the events. The trial court concluded that new representation was unwarranted. At the next hearing on March 4, Pierce asked to represent himself. Before granting his request, the trial court conducted an extensive colloquy in which it explained that the court would not be required to delay the trial or to appoint standby counsel if Pierce waived his right to counsel. Pierce stated that he understood both conditions and that he was not requesting assistance. At the end of the hearing, however, Pierce requested standby counsel. None was appointed, and Pierce represented himself at trial.

The jury found Pierce guilty of the two bail jumping charges and the theft charge, but it could not reach a verdict on the drug charge. Before sentencing, Pierce asked for an attorney, and the court reappointed Thimons. When Pierce objected, the court substituted attorney Craig Kibbe.

At the beginning of the sentencing hearing, Kibbe explained to the court that there was no good faith basis to move for a new trial. The State then noted that although consecutive sentencing was possible because of Pierce's high offender score, it was recommending concurrent high-end sentences on the bail jumping counts. During his allocution, Pierce informed the court that he had just obtained documents supporting his claim that his initial failure to appear was due to external circumstances; i.e., the theft of his car, which had contained the pertinent court papers. Without those papers, Pierce explained that he checked a state court website that gave him incorrect information about the hearing date. He contended that the second failure to appear was due to his having written the wrong court date on his calendar. Pierce requested an exceptional sentence downward, but the trial court rejected his request. The trial court imposed concurrent 56-month sentences on the bail jumping convictions and suspended the 364-day sentence on the theft conviction.

Pierce now appeals his convictions and the trial court's rejection of his request for an exceptional sentence downward.

ANALYSIS

A.   CHARGING DOCUMENT

Pierce contends that the charging document was constitutionally deficient for failing to identify the underlying charge in the bail jumping counts. We review this challenge de novo. *State v. Williams*, 162 Wn.2d 177, 182, 170 P.3d 30 (2007).

An information must contain all essential elements of a crime to give the accused proper notice of the crime charged so that he can prepare an adequate defense. *Williams*, 162 Wn.2d at 183; *State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991). When a charging document is challenged for the first time on appeal, as it is here, we must construe it liberally in favor of its validity. *Kjorsvik*, 117 Wn.2d at 105. In applying this liberal construction standard, we read the words in the charging document as a whole and consider whether the necessary facts appear in any form. *Williams*, 162 Wn.2d at 185; *Kjorsvik*, 117 Wn.2d at 109. If they do, we consider whether the defendant was "nonetheless prejudiced by the inartful language which caused the lack of notice." *Williams*, 162 Wn.2d at 185 (quoting *Kjorsvik*, 117 Wn.2d at 105-06).

The elements of bail jumping are met if the defendant (1) was held for, charged with, or convicted of a particular crime, (2) was released by court order or admitted to bail with the requirement of a subsequent personal appearance, and (3) knowingly failed to appear as required. RCW 9A.76.170(1); *Williams*, 162 Wn.2d at 183-84.

The second amended information set forth Pierce's initial bail jumping charge as follows:

No. 45265-1-II

Count II

Bail Jumping

On or about April 9, 2012, in the County of Kitsap, State of Washington, the above-named Defendant, having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before a court of this state or of the requirement of a subsequent personal appearance before a court of this state or of the requirement to report to a correctional facility for service of sentence, did fail to appear or did fail to surrender for service of sentence in which a Class B or Class C felony has been filed, to wit: Kitsap County Superior Court Cause No. 12-1-00347-3; contrary to Revised Code of Washington 9A.76.170.
(MAXIMUM PENALTY (Failure to appear in Class B or Class C felony case)— Five (5) years imprisonment and/or a $10,000 fine pursuant to RCW 9A.76.170 and RCW 9A.20.021(1)(c), plus restitution and assessments.)

Clerk's Papers (CP) at 16. Count III, the second bail jumping charge, was worded identically except for the date of the alleged offense: August 7, 2012.

Count I charged Pierce with possession of a controlled substance (methamphetamine) and listed the maximum penalty of five years' imprisonment as well as the possible fines. Count IV charged Pierce with third degree theft, punishable by up to 364 days in jail. The cause number of 12-1-00347-3 was included in the information's caption.

Pierce contends that this charging document was deficient because the bail jumping counts did not identify the underlying crime, "but rather made inadequate reference to the underlying cause number." Br. of Appellant at 9. The above-cited language shows, however, that the counts referred to both the cause number and class of the underlying felony. This court upheld a charging document under the liberal construction standard where it stated that the defendant failed to appear after being charged with a class B or C felony. *State v. Spiers*, 119 Wn. App. 85, 91, 79 P.3d 30 (2003).

Pierce adds that the Washington Supreme Court held that charging language must identify the particular offense underlying a bail jumping charge. *Williams*, 162 Wn.2d at 185. In doing so, however, the court cited with apparent approval the holding in *Spiers*. *Williams*, 162 Wn.2d at 185; *see also State v. Gonzalez-Lopez*, 132 Wn. App. 622, 633, 132 P.3d 1128 (2006) (pleading either the underlying offense or the class of the underlying offense would be sufficient to apprise defendant of essential elements of bail jumping).

Count I of the second amended information charged Pierce with possession of a controlled substance (methamphetamine) under cause number 12-1-00347-3. The subsequent bail jumping counts referred to this felony by cause number and class. When read as a whole, the second amended information clearly identified the felony that supported the bail jumping charges and provided Pierce with sufficient notice to prepare a defense. Also, Pierce makes no showing of prejudice. We reject his challenge to this charging document.

B.    SENTENCING

Pierce next argues that the trial court abused its discretion by refusing to consider nonstatutory factors in support of an exceptional sentence downward.

Generally, a trial court must impose a sentence within the standard range, and a defendant may not appeal that sentence. *State v. Law*, 154 Wn.2d 85, 94, 110 P.3d 717 (2005); *State v. Cole*, 117 Wn. App. 870, 881, 73 P.3d 411 (2003), *review denied*, 151 Wn.2d 1005 (2004). Where a defendant has requested an exceptional sentence below the standard range, review is limited to circumstances where the court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose the exceptional sentence requested. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997), *review denied*, 136 Wn.2d 1002 (1998).

Pierce contends that the trial court relied on an impermissible basis in refusing to impose a mitigated sentence because the court would not consider nonstatutory factors supporting such a sentence. *See Law*, 154 Wn.2d at 94 (Sentencing Reform Act sets forth nonexclusive "illustrative" factors that court may consider in exercising its discretion to impose an exceptional sentence).

Pierce argued during sentencing that he was entitled to an exceptional sentence downward because, after the car containing his court paperwork was stolen, he checked a court website that did not contain the April 9 hearing date that he missed. He also explained that he missed an August 7 hearing because he wrote the wrong date in his calendar. The trial court responded to his argument as follows: "The information you have given me, none of them are statutorily mitigating factors. There's not enough evidence for me to give you an exceptional sentence downward. So I'm denying that request." Report of Proceedings (RP) (Aug. 16, 2013) at 27.

We do not view this conclusion as a refusal to consider the nonstatutory mitigating factors that Pierce presented to support his request for an exceptional sentence downward. The court considered Pierce's explanation for missing two court dates and then exercised its discretion by denying his request for an exceptional sentence based on the evidence presented. We see no abuse of discretion on this record.

C.    SAG

1.    Ineffective Assistance of Counsel

Pierce argues in his SAG that he received ineffective assistance of counsel from the attorneys who represented him before trial and during sentencing. Whether a defendant received ineffective assistance of counsel is a mixed question of fact and law that we review de novo. *State v. McLean*, 178 Wn. App. 236, 246, 313 P.3d 1181 (2013), *review denied*, 179 Wn.2d 1026 (2014).

7

To prove ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficiency was prejudicial. *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996).

Counsel's performance is deficient if it falls below an objective standard of reasonableness and cannot be characterized as legitimate trial strategy or tactics. *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009). Prejudice occurs when there is a reasonable probability that the trial's result would have differed had the deficient performance not occurred. *Hendrickson*, 129 Wn.2d at 78. A failure to satisfy either prong is fatal to a claim of ineffective assistance of counsel. *McLean*, 178 Wn. App. at 246.

Pierce contends that his initial attorney, Paul Thimons, was ineffective because he did not conduct an adequate investigation and failed to obtain evidence regarding Pierce's stolen car that would have supported an "uncontrollable circumstances" defense. Uncontrollable circumstances that prevented a defendant from appearing in court may constitute an affirmative defense to the crime of bail jumping. RCW 9A.76.170(2). The scope of this defense is defined by statute:

> "Uncontrollable circumstances" means an act of nature such as a flood, earthquake, or fire, or a medical condition that requires immediate hospitalization or treatment, or an act of a human being such as an automobile accident or threats of death, forcible sexual attack, or substantial bodily injury in the immediate future for which there is no time for a complaint to the authorities and no time or opportunity to resort to the courts.

RCW 9A.76.010(4).

The State argued before trial that Pierce should not be able to offer testimony supporting an uncontrollable circumstances defense. The State noted that the superior court did not post hearing dates on the state court website that Pierce allegedly checked about the April hearing date,

and that the website contained several disclaimers about the reliability of its information. The State added that there was no evidence that Pierce had contacted the court directly about the April hearing date. Pierce responded that his inability to find the correct date on the website constituted a defense to his failure to appear at the April 9 hearing, and that his mistake in recording the date constituted a defense to his failure to appear at the August 7 hearing. The court ruled that testimony that Pierce was forgetful, confused, or misled by non-reliable sources concerning his hearing dates did not establish an uncontrollable circumstances defense and would be excluded.

Pierce represented himself during this hearing and did not refer to his car being stolen. Even if he had, Pierce's reasons for not having his paperwork were largely immaterial to his proposed defense of uncontrollable circumstances. Because any evidence about Pierce's stolen car was irrelevant to any proposed uncontrollable circumstances defense, Pierce is unable to show that counsel's performance was deficient. The claim of ineffective assistance of counsel based on his attorney's failure to investigate this defense, therefore, fails.

Pierce makes the related argument that his attorney at sentencing, Craig Kibbe, was ineffective because he failed to move for a new trial based on newly discovered evidence consisting of documentation about Pierce's stolen car and did not present this evidence to the trial court. Pierce's earlier assertion that Thimons could have obtained this evidence before trial shows that it did not constitute newly discovered evidence. *See State v. Moran*, 181 Wn. App. 316, 324, 324 P.3d 808 (evidence is not newly discovered, for purpose of granting new trial, if it could have been discovered before trial by due diligence), *review denied*, 337 P.3d 327 (2014). Furthermore, as explained above, the fact that Pierce's car was stolen was irrelevant to the subsequent bail jumping charge. We see no deficient performance by defense counsel during sentencing.

9

2,    Denying requests for new counsel, continuance, and standby counsel

Pierce argues that the trial court erred in denying his requests for new counsel on February 7 and March 4, 2013. We review this decision for abuse of discretion. *State v. Varga*, 151 Wn.2d 179, 200, 86 P.3d 139 (2004). As support for this claim, Pierce cites potential conflicts of interest with Thimons that he did not mention to the trial court when requesting a new attorney on February 7. Rather, Pierce argued that Thimons had delayed interviewing witnesses and did not believe what Pierce was telling him. The court found that Thimons had interviewed Pierce's witnesses and prepared for trial, and was a qualified attorney. We see no abuse of discretion in the court's denial of Pierce's request for new counsel. On March 4, Pierce asked to represent himself and did not request a new attorney. We need not address this claim of error further.

Pierce also argues that the trial court erred by warning him that it would grant his request to represent himself only if Pierce did not request any further continuances. Pierce was charged with possession of methamphetamine on March 30, 2012, and did not go to trial until March 4, 2013. After Pierce asked to represent himself, the trial court informed him that if it granted his request, it would not give him a continuance. The following exchange occurred:

> MR. PIERCE: That's fine.
> THE COURT: You are ready to go tomorrow?
> MR. PIERCE: I will be.
> THE COURT: We are picking a jury starting tomorrow.
> MR. PIERCE: I will have to be.

1 RP at 5. Pierce then explained that he wanted several witnesses to be called, and that if they could be in court the next day, he would be ready.

Pierce now contends that he did not have adequate time to review the trial binder that Thimons left him, but he expressed no such difficulty during trial. We see no abuse of discretion in the trial court's warning that it would not grant additional continuances if Pierce represented himself.

Pierce further argues that the trial court erred in denying his request for standby counsel because he needed counsel to help him obtain evidence pertinent to his uncontrollable circumstances defense. This evidence appears to be documentation regarding his stolen car.[1]

After the trial court granted his request to represent himself, Pierce stated that he was not asking for standby counsel. At the close of that hearing, Pierce explained that he did want standby counsel, but not Thimons. The trial court asked the prosecuting attorney to determine whether an attorney was available to assist Pierce, and the hearing ended. The record contains no further discussion of standby counsel, and Pierce represented himself during trial without any additional request for assistance.

There is no absolute right for a self-represented defendant to have standby counsel, and we review a trial court's refusal to appoint standby counsel for abuse of discretion. *State v. DeWeese*, 117 Wn.2d 369, 379, 816 P.2d 1 (1991); *Locks v. Sumner*, 703 F.2d 403, 407-08 (9th Cir.), *cert. denied*, 464 U.S. 933 (1983). Pierce did not state on the record that he needed assistance in obtaining evidence, and the evidence he now describes would not have furthered his defense. The record does not show that the trial court refused to appoint standby counsel or abused its discretion by not appointing standby counsel. If Pierce has evidence outside the record to support this claim

---

[1] Pierce attempted to attach these documents to his SAG, but we rejected them as evidence outside the record on review. RAP 10.3(a)(8).

of error, he may submit it in a personal restraint petition. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

3.    Admission of court transcript

Pierce contends that the trial court erred in admitting a transcript pertaining to "David Doug Pierce" to support one of his bail jumping convictions. SAG at 14 (some capitalization omitted). The transcript at issue was from the August 7 court hearing that Pierce missed and was admitted as exhibit 32. During deliberations, the jury sent the trial court this statement: "Exhibit 32 has a name other than that of the defendant." CP at 65. The trial court instructed the jury to consider the exhibit in its entirety and in conjunction with all of the other evidence. This exhibit is not part of the appellate record, but even if it did contain an incorrect name, Pierce admitted that he missed the August 7 court hearing. We see no error in the trial court's instructions to the jury and no prejudice from any error in the exhibit.

4.    Prosecutorial Misconduct

Finally, Pierce alleges that the prosecuting attorney committed misconduct by withholding evidence about his stolen car from the court during sentencing. The prosecutor had no duty to assist Pierce in seeking an exceptional sentence downward, and the documents at issue were extraneous to that request. We reject Pierce's claim of prosecutorial misconduct. *See State v. Fisher*, 165 Wn.2d 727, 747, 202 P.3d 937 (2009) (misconduct occurs when State's action is both improper and prejudicial).

No. 45265-1-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Johanson, C.J.

_____
Maxa, J.