## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77901-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| KEITH BRIAN COLBERG, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 29, 2019 |
| | ) | |

MANN, A.C.J. — Keith Colberg appeals his conviction for bail jumping. Colberg contends there was insufficient evidence to support a finding that he was "admitted to bail." We disagree.

Pursuant to Colberg's motion and the State's concession, we remand to the trial court to strike the court's imposition of a $200 criminal filing fee and a $100 fee for collection of DNA (deoxyribonucleic acid) from the judgment and sentence. We otherwise affirm.

I.

The State charged Colberg with one count harassment of Snohomish County Deputy Didy Kane and violation of an order restricting contact with Kane, stemming from a prior conviction for harassment of Kane in 2013.

On February 21, 2017, the trial court ordered Colberg to be held on $15,000 bail. Colberg posted bail and was released from jail. Colberg failed to appear at a hearing on June 9, 2017, and the trial court forfeited his $15,000 bond and issued an arrest warrant.

Colberg appeared in court on June 13, 2017, to quash the arrest warrant. The trial court granted Colberg's motion to quash the warrant and reinstated the forfeited bail, but at a lower amount of $10,000. The clerk's minutes noted that the "State's motion to reinstate $10,000 bail: granted." The release order stated "[t]he defendant shall post bail in an amount of $10,000 [x] by executing a bond with sufficient sureties or depositing cash in the registry of the court in lieu thereof . . . The defendant shall be detained in the Snohomish County Jail until such bail is posted," but the box indicating that "Bail has been previously posted in this Cause No." was not marked. The trial court scheduled an omnibus hearing for August 10, 2017.

Colberg appeared in court on August 10, 2017, in custody. The trial court set a CrR 3.5 hearing for August 24, 2017. Colberg failed to appear at the August 24, 2017, hearing and the trial court "forfeited the previously posted bail" and issued a warrant for Colberg's arrest.

By amended information, the State added two charges, count III, bail jumping on June 9, 2017, and count IV, bail jumping on August 24, 2017.

Two witnesses testified for the State relating to the bail jumping charges: Erin McCartney and Heidi Percy. McCartney, an in-court clerk, explained the notations on the clerk's minutes. Percy, a custodian of records for Snohomish County Superior

Court, explained the process of posting bail and the "in-custody" notation on the clerk's minutes for August 10, 2017.

The court instructed the jury on the elements of bail jumping. The instruction allowed the jury to find only that the defendant had been "previously admitted to bail" and not "released by a court order."[1] The court instructed the jury that "admitted to bail" meant "that the defendant was released from custody pursuant to posted bail or bond."

During closing arguments, the defense argued that the State had not carried its burden on count IV, because the August 10, 2017, clerk's minutes stated Colberg was in custody, demonstrating that Colberg had not been admitted to bail between June 13 and August 24, 2017. The State responded that the court reinstated Colberg's bail, which was still in effect on August 24, 2017, when the court forfeited the bail for a second time. Additionally, the State argued that its records custodian, Percy, testified the clerk's minutes will reflect that a defendant is in custody, even if the defendant is in custody on an unrelated matter.

Before the jury began deliberating, the trial court dismissed count II, violation of an order restricting contact. The jury found Colberg guilty on counts III and IV, bail jumping, but not guilty for count I, harassment.

Colberg appeals count IV only—the charge for bail jumping on August 24, 2017.

## II.

Colberg contends there was insufficient evidence that he was "admitted to bail" to support his conviction for bail jumping. We disagree.

---

[1] The jury instructions read: "That defendant had previously admitted to bail and had knowledge of the requirement of a personal appearance before the court on August 27, 2017."

We review a claim for the sufficiency of the evidence by viewing the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Cardenas-Flores, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). A defendant challenging the sufficiency of the evidence admits the truth of all the State's evidence. Cardenas-Flores, 189 Wn.2d at 265. "Circumstantial and direct evidence are to be considered equally reliable" for the appellate court's review. Cardenas-Flores, 189 Wn.2d at 265-66. Credibility determinations are for the trier of fact and are not subject to review. Cardenas-Flores, 189 Wn.2d at 266.

A person is guilty of bail jumping if he or she "fails to appear" for a court appearance after "having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state." RCW 9A.76.170(1). The State must prove the following three elements: (1) the defendant was held for, charged with, or convicted of a particular crime; (2) the defendant was released by a court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance; and (3) the defendant failed to appear as required. State v. Williams, 162 Wn.2d 177, 183-84, 170 P.3d 30 (2007).

There is sufficient evidence that Colberg was "admitted to bail" on August 24, 2017. Colberg was released from jail, after posting a $15,000 bond on March 6, 2017. On March 23, 2017, Colberg appeared at a trial continuance hearing and the court instructed Colberg to appear on June 9, 2017, for an omnibus hearing. When Colberg failed to appear on June 9, 2017, the judge issued a warrant for Colberg's arrest and forfeited the $15,000 bail. On June 13, 2017, Colberg appeared out of custody, and the

court quashed the warrant and reinstated the previously posted bail, at a reduced amount of $10,000. The clerk's minutes stated "State's motion to reinstate $10,000 bail: Granted. The Defendant will post a bond." The court ordered Colberg to appear on August 10, 2017, for an omnibus hearing.

On August 10, 2017, Colberg appeared at the hearing in custody. The court set a CrR 3.5 hearing for August 24, 2017. Colberg signed the omnibus order, which indicated "the defendant must appear for trial and all scheduled hearings. Failure to appear may result in issuance of an arrest warrant and criminal prosecution for bail jumping."

On August 24, 2017, Colberg was out of custody and failed to appear for the CrR 3.5 hearing. The clerk's minutes noted "the court forfeits the previously posted bail." The court issued a warrant for Colberg's arrest.

At trial, Percy testified that a notation on the clerk's minutes that a defendant was "in custody" could mean that the defendant was admitted to bail on the present matter, but in custody, or not admitted to bail, on another matter. The following exchange occurred between Percy and the prosecutor:

> [Prosecutor]: You had mentioned that some defendants can have multiple cases on a calendar.
> [Percy]: Yes.
> [Prosecutor]: And sometimes when you have multiple cases on the calendar, a defendant can be in custody for one case and out of custody for another?
> [Percy]: Yes.
>
> . . . .
>
> [Prosecutor]: . . . [T]he way that might work is that they have been arraigned like Mr. Colberg was in January or February—I'm sorry. In February. And be released by a judge on that case and yet be in custody or have bail set on a different case, both of which may be in front of the Court at the same time.

-5-

[Percy]: Yes.
[Prosecutor]: Okay. In that event, how do you mark their custody status on the minute entries?
[Percy]: We put they're in custody.
[Prosecutor]: Okay. Even though they may be out of custody on a particular case—
[Percy]: Well, they're physically in custody.
[Prosecutor]: Okay. That's the physical custody—
[Percy]: Yes. Status of them.

Viewing the evidence in a light most favorable to the State, a juror could conclude that Colberg was admitted to bail after the court reinstated Colberg's bail and quashed the arrest warrant on June 13, 2017. Subsequently, Colberg failed to appear on August 24, 2017, and the court forfeited the bail. The superior court records admitted as exhibits, coupled with Percy's testimony supports a finding that Colberg was admitted to bail. Thus, there was sufficient evidence from which a reasonable juror could conclude that Colberg was admitted to bail on August 24, 2017.

III.

Colberg next seeks to strike the $200 criminal filing fee and $100 DNA fee from the judgment and sentence. The State concedes that, while these two legal financial obligations were properly imposed at the time of sentencing, they should be stricken pursuant to recently amended RCW 36.18.020(2)(h)(criminal filing fee), RCW 43.43.7541 (DNA fee), and State v. Ramirez, 191 Wn.2d 732, 426, P.3d 714 (2018). We accept the State's concession and agree.

We remand to the trial court to strike the $200 criminal filing fee and the $100 DNA fee. We otherwise affirm Colberg's conviction and sentence.

_____Mann, ACJ_____

WE CONCUR:

_____Leach, J._____                    _____Dwyer, J._____