[No. 64058-5-I.   Division One.   January 17, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. NICHOLAS
LANDSIEDEL, *Appellant*.

*Christopher Gibson* (of *Nielsen, Broman & Koch PLLC*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Deborah A. Dwyer, Deputy*, for respondent.

¶1 APPELWICK, J. — Landsiedel argues the trial court abused its discretion in concluding he was ineligible for a SSOSA. He claims he is eligible for a SSOSA, because his wife satisfied the statutory definition of "victim" when she suffered emotional or psychological harm as a result of his Internet crimes against children. But, such a statutory interpretation, while literally correct, would render other portions of the statute meaningless or superfluous. We affirm.

## FACTS

¶2 In 2009, Nicholas Landsiedel was convicted of attempted rape of a child in the second degree and communication with a minor for immoral purposes. In December 2007, he had arranged through a chat room to meet a person he believed to be a 13 year old female, in order to engage in sexual intercourse and "pretend" rape. The other person in the chat room was actually a Seattle police detective posing as a 13 year old female. Landsiedel took a substantial step toward the rape by appearing at the location where they had agreed to meet.

¶3 Before sentencing, Landsiedel submitted a presentence statement, urging the court to apply a special sex offender sentencing alternative (SSOSA). RCW 9.94A.670. He reiterated his SSOSA request at the sentencing hearing, arguing that the term "victim" as defined in the SSOSA statute included his friends and family who suffered as a result of his crime. The State responded that it believed there was no actual victim in this case and that Landsiedel's reading of the SSOSA statute was contrary to the legislative intent of the statute. The trial court con-

cluded that it did not have discretion to impose a SSOSA, because Landsiedel was not eligible, and on July 6, 2009 it imposed a sentence within the standard range. Landsiedel timely appealed on August 3, 2009.

## DISCUSSION

### I. SSOSA Statute

¶4 Landsiedel argues that the trial court erred by concluding that he was not eligible for a SSOSA. He claims that the trial court had the discretion to consider a SSOSA and its failure to do so constituted an abuse of discretion. Where a defendant has requested a sentencing alternative authorized by statute, a trial court's failure to consider that alternative is effectively a failure to exercise discretion and is subject to reversal. *See State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). However, whether Landsiedel was eligible for a SSOSA is a question of statutory interpretation, which we review de novo. *Dot Foods, Inc. v. Dep't of Revenue*, 166 Wn.2d 912, 919, 215 P.3d 185 (2009).

¶5 The SSOSA statute provides:

(2) An offender is eligible for the [SSOSA] if:

(a) The offender has been convicted of a sex offense other than a violation of RCW 9A.44.050 [rape in the second degree] or a sex offense that is also a serious violent offense . . . ;

(b) The offender has no prior convictions for a sex offense as defined in RCW 9.94A.030 or any other felony sex offenses in this or any other state;

(c) The offender has no prior adult convictions for a violent offense that was committed within five years of the date the current offense was committed;

(d) The offense did not result in substantial bodily harm to the victim;

(e) *The offender had an established relationship with, or connection to, the victim such that the sole connection with the victim was not the commission of the crime*; and

(f) The offender's standard sentence range for the offense includes the possibility of confinement for less than eleven years.

RCW 9.94A.670 (emphasis added). " 'Victim' means any person who has sustained emotional, psychological, physical, or financial injury to person or property as a result of the crime charged. 'Victim' also means a parent or guardian of a victim who is a minor child unless the parent or guardian is the perpetrator of the offense." RCW 9.94A-.670(1)(c). Landsiedel meets the eligibility criteria under RCW 9.94A.670(2)(a), (b), (c), (d), and (f), and the State does not dispute this. The only issue contested here on appeal is whether Landsiedel is eligible under subsection (2)(e).

¶6 Statutory interpretation questions are questions of law that we review de novo. *Dot Foods*, 166 Wn.2d at 919. The court's primary duty in interpreting the statute is to ascertain and carry out the legislature's intent. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). Statutory interpretation begins with the statute's plain meaning. *Id.* When the plain language is unambiguous, the legislative intent is apparent and we will not construe the statute otherwise. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). The plain meaning of a statute may be discerned from all that the legislature has said in the statute and related statutes that disclose legislative intent about the provision in question. *Id.*

¶7 Here, Landsiedel argues that the statutory definition of "victim" is clear and unambiguous and that we need not look beyond this plain definition.[1] Any person who sustained an emotional or psychological injury to his or her person as a result of the charged crimes comes under the

---

[1] Neither party argues that the statute is ambiguous. But, Landsiedel nevertheless points to the rule of lenity, in the event that we deem that there is ambiguity. Under the rule of lenity, if a criminal statute is ambiguous and the legislative intent is insufficient to clarify it, the ambiguity must be resolve in favor of the defendant. *State v. Carter*, 138 Wn. App. 350, 356-57, 157 P.3d 420 (2007).

definition of "victim," based on a plain meaning review of the statutory language at RCW 9.94A.670(1)(c). He argues that his wife, Dziedra Landsiedel, is a victim. Therefore, he did have an established relationship with the victim, apart from the crime, and satisfies subsection 2(e). The State does not dispute that Landsiedel and his wife had an established relationship, nor does it dispute that she sustained some emotional or psychological injury as a result of the charged crimes.[2]

¶8 The State argues Landsiedel's interpretation would be directly contrary to the legislature's intent, in its 2004 amendments to the SSOSA statute, to restrict and limit SSOSA eligibility. LAWS OF 2004, ch. 176, § 4 (amending former RCW 9.94A.670 (2002)). The SSOSA has existed since 1984. It was recodified as an independent statute as of July 1, 2001. LAWS OF 2000, ch. 28, §§ 5, 20, 46; *State v. Osman*, 157 Wn.2d 474, 481 n.6, 139 P.3d 334 (2006).[3] Prior to the 2004 amendments, the SSOSA statute contained the same three limitations on a defendant's eligibility that are now found at RCW 9.94A.670(2)(a), (b), and (f): the current conviction must not have been for rape in the second degree or a sex offense that is also a serious violent offense; the offender could not have a prior conviction for a felony sex offense; and the current offense must be punishable by confinement of less than 11 years. Former RCW 9.94A.670(2)(a)-(c) (effective July 1, 2001). In 2004, the legislature added three provisions on a defendant's eligibility, now at RCW 9.94A.670(2)(c), (d), and (e):

---

[2] Although Landsiedel and his wife were not married at the time of the crimes, they were in the process of moving in together and they were married by the time of trial. Dziedra Landsiedel's own brief testimony established her emotional or psychological injury as a result of her husband's crimes. She stated she was "terrified" by his failure to meet her as scheduled on the day of the crime. She also commented at sentencing about what she had gone through in standing by her husband through the aftermath of the crimes, and about the great impact she expected Landsiedel's sentence to have on her and her son going forward.

[3] Before 2001, the terms of a sentencing alternative for sex offenders were codified as part of the general sentencing statute. Former RCW 9.94A.120(8)(a)(ii) (2000); former RCW 9.94A.120(7)(a) (1984).

(c) The offender has no prior adult convictions for a violent offense that was committed within five years of the date the current offense was committed;

(d) The offense did not result in substantial bodily harm to the victim;

(e) *The offender had an established relationship with, or connection to, the victim such that the sole connection with the victim was not the commission of the crime.*

Laws of 2004, ch. 176, § 4 (emphasis added). The new provisions are clearly greater limitations on eligibility. The State correctly argues the plain language shows that the legislature was intent on narrowing the statute and did so. However, Landsiedel's argument is not really that new subsection (e) expanded eligibility for his wife but merely that she satisfies its definition of "victim," making him eligible. The definition of "victim" has not been amended, and Landsiedel's wife met that definition both before and after the 2004 amendments.[4] The eligibility argument he makes could have been advanced under either version of the statute. The legislative intent in 2004 is not dispositive.

■■ ¶9 SSOSA is a sentencing alternative. The limitations make clear it was not intended to be available to everyone. Yet, Landsiedel's literal application of the term "victim" in subsection (e) would allow SSOSA eligibility where anyone with whom the defendant has a prior relationship has suffered emotional or psychological injury as a result of the crime. The State argues this would be an expansion of eligibility, certainly beyond what has been observed in practice. We agree. Under Landsiedel's theory it is hard to conceive of any defendant who would not have a relationship with someone who could satisfy the literal definition of "victim," despite having no relationship with the person against whom the charged crime was actually perpetrated. In essence, his interpretation renders the

---

[4] Prior to the 2004 amendments, the definition was at former RCW 9.94A-.670(1)(b) (2001), rather than at RCW 9.94A.670(1)(c) where it is now.

limitation in subsection (e) meaningless, not a limitation at all. Further, if the first sentence of the definition of "victim" means what Landsiedel contends, the second sentence of that definition would be superfluous. Statutes should not be interpreted so as to render any portion meaningless, superfluous, or questionable. *State v. Winkle*, 159 Wn. App. 323, 328, 245 P.3d 249 (2011), *review denied*, 173 Wn.2d 1007 (2012).

¶10 We hold that Landsiedel's wife is not a victim of the crime for purposes of subsection (e) and, therefore, Landsiedel is not eligible for a SSOSA.

## II. Trial Court's Findings of Fact and Conclusions of Law

¶11 The trial court conducted a CrR 3.5 hearing prior to trial to determine the admissibility of statements Landsiedel made to police before and after his arrest. Following the hearing, the court ruled orally on the CrR 3.5 motion to admit Landsiedel's statements, finding that all of the statements were admissible. The prosecutor prepared proposed written findings of fact and conclusions of law on the CrR 3.5 motion in 2009 to reflect the court's oral ruling, but this written document was not presented to the trial court at that time. Upon realizing that the findings of fact and conclusions of law were never entered, the prosecutor presented the written document to the trial court in March 2011. The trial court entered the signed document on March 10, 2011.

¶12 The purpose of written findings and conclusions is to promote efficient and precise appellate review. *State v. Cannon*, 130 Wn.2d 313, 329, 922 P.2d 1293 (1996). Written findings of fact and conclusions of law are mandatory. CrR 3.5; *State v. Cunningham*, 116 Wn. App. 219, 227, 65 P.3d 325 (2003). Landsiedel argues that the trial court's failure to timely enter written findings and conclusions requires remand. His argument is unpersuasive. "Although the practice of submitting late findings and conclusions is disfavored, they may be 'submitted and entered even while

an appeal is pending' if the defendant is not prejudiced by the belated entry of findings." *Cannon*, 130 Wn.2d at 329-30 (quoting *State v. McGary*, 37 Wn. App. 856, 861, 683 P.2d 1125 (1984)). The written findings and conclusions were actually prepared in 2009, long before Landsiedel filed his appeal. And, they track the trial court's oral ruling faithfully. Thus, there is no evidence they were tailored or altered to address any arguments raised by Landsiedel in his appellate briefing. Landsiedel was not prejudiced by the late submission and entry of the findings and conclusions.

¶13 We affirm.

DWYER, C.J., and GROSSE, J., concur.

Review denied at 174 Wn.2d 1003 (2012).