# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49552-0-II |
| Respondent, | |
| v. | |
| BRITT AUGUSTUS ANDERSON, | PUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — The State charged Britt Augustus Anderson with possession of stolen property in the first degree and bail jumping. A jury found Anderson guilty of bail jumping but did not return a verdict on the stolen property charge.[1] Anderson argues that the trial court's to convict instruction for bail jumping was constitutionally inadequate because it did not name possession of stolen property as the underlying crime. Because identifying the underlying crime by name is not an element of bail jumping, we affirm.

## FACTS

In January 2016, the police received information that a front loader had been stolen.

After an investigation, the State charged Anderson with one count of possession of stolen property in the first degree for the front loader. The court arraigned Anderson. He posted bail and the court ordered him to appear for a pretrial hearing on April 11, 2016. Anderson failed to appear

---

[1] Anderson raises a number of issues relating to the stolen property charge; however, because the jury did not return a guilty verdict and because the trial court dismissed that charge, we do not address his arguments on this charge.

on April 11, but he appeared the next day. The State filed an amended information adding one count of bail jumping. The case proceeded to a jury trial.

At trial, the court instructed the jury on both counts. Relevant to this appeal, the court provided the following to convict instruction for bail jumping:

> To convict the defendant, Britt Anderson, of the crime of Bail Jumping in count 2 of Cause No. 16- 1- 00216-9, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about April 11, 2016, the defendant failed to appear before a court;
>
> (2) That the defendant was charged with a class B or C felony;
>
> (3) That the defendant had been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before that court; and
>
> (4) That the acts occurred in the State of Washington.
>
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
>
> On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Clerk's Papers (CP) at 83 (Instr. 21). The court also instructed the jury that possession of stolen property in the first degree was a class B felony. Anderson did not object to the jury instructions.

The jury found Anderson guilty of bail jumping and he appeals.

ANALYSIS

Anderson argues that the court's to convict instruction is fatally flawed because it did not specify the underlying crime for the bail jump charge, and it did not identify the underlying crime by name which is an essential element of bail jumping. He also argues the instruction violated his right to due process because it permitted the jury to find him guilty of bail jumping based on being

2

charged with "a class B or class C felony" rather than for a specific underlying crime. Br. of Appellant at 24-25. We disagree.

## I. LEGAL PRINCIPLES

We review the legal sufficiency of a to-convict instruction de novo. *State v. Mills*, 154 Wn.2d 1, 7, 109 P.3d 415 (2005). "'Jury instructions are sufficient when they allow counsel to argue their theory of the case, are not misleading, and when read as a whole properly inform the trier of fact of the applicable law.'" *State v. Knutz*, 161 Wn. App. 395, 403, 253 P.3d 437 (2011) (internal quotation marks omitted) (quoting *State v. Aguirre*, 168 Wn.2d 350, 363–64, 229 P.3d 669 (2010)). We review jury instructions "in the context of the instructions as a whole." *State v. Pirtle*, 127 Wn.2d 628, 656, 904 P.2d 245 (1995). In general, the "reviewing court may not rely on other instructions to supply [an] element missing from the to convict instruction." *State v. DeRyke*, 149 Wn.2d 906, 910, 73 P.3d 1000 (2003).

## II. THE TRIAL COURT PROPERLY INSTRUCTED THE JURY ON BAIL JUMPING

Anderson's bail jumping arose from his failure to appear in court as ordered. Any person who, after being released on bail with knowledge of the next court date, fails to appear at the required date and time is guilty of bail jumping. RCW 9A.76.170(1). The classification of a bail jumping charge is based on the penalty classification of the underlying crime. RCW 9A.76.170(3). Here, because Anderson failed to appear in a matter relating to a class B felony, the State charged him with bail jumping as a class C felony. RCW 9A.76.170(3)(c).

"A to convict instruction must include all of the elements of a crime." *State v. Williams*, 162 Wn.2d 177, 186-87, 170 P.3d 30 (2007). "It cannot be said a defendant has had a fair trial if the jury must guess at the meaning of an essential element of the crime or if the jury might assume

that an essential element need not be proved." *State v. Smith*, 131 Wn.2d 258, 263, 930 P.2d 917 (1997).

Anderson's argument fails because he misconstrues the bail jumping statute. Anderson argues that in order to convict him of bail jumping, the jury must find he was "charged with, or convicted of a **particular crime**." Br. of Appellant at 24.

This characterization is unsupported by the plain language of the statute. "Statutory interpretation begins with the statute's plain meaning." *State v. Landsiedel*, 165 Wn. App. 886, 890, 269 P.3d 347 (2012). "When the plain language is unambiguous[,] . . . the legislative intent is apparent and we will not construe the statute otherwise." *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). We discern the plain meaning of a statute from the ordinary meaning of its language in the context of the whole statute, "related [statutory] provisions, and the statutory scheme as a whole." *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013).

RCW 9A.76.170(1) does not list the defendant's "particular crime" as an element of bail jumping. Instead, an accused bail jumper's underlying charge is relevant only as to the classification of the bail jump charge. Under RCW 9A.76.170(3)(c), bail jumping shall be a class C felony if the underlying crime was either a class B or class C felony.[2]

Both parties rely on *Williams* where the defendant was convicted of bail jumping based on the underlying charge of possession of a controlled substance. 162 Wn.2d at 180-81. The to convict instruction named the underlying crime but did not identify its classification as a felony or

---

[2] Anderson's confusion may be the result of conflating case law discussing identification of the underlying crime in the context of charging documents rather than jury instructions. The "particular crime" language likely comes from *State v. Pope*, 100 Wn. App. 624, 629, 999 P.2d 51 (2000), which held that an information merely stating the defendant had failed to appear "*regarding a felony matter*" was constitutionally insufficient. The information is not at issue in this case.

misdemeanor. *Williams*, 162 Wn.2d at 186. Williams argued that an essential element of bail jumping included the specific identification of the underlying charge and its penalty classification. *Williams*, 162 Wn.2d at 182. The court rejected Williams's argument and concluded that the to convict instruction was sufficient. *Williams*, 162 Wn.2d at 188.

In rejecting the defendant's argument, *Williams* instead endorsed the reasoning of *State v. Gonzalez–Lopez*, 132 Wn. App. 622, 132 P.3d 1128 (2006). 162 Wn.2d at 184. *Williams* summarized *Gonzalez–Lopez* as holding that "the elements of bail jumping are clearly articulated in RCW 9A.76.170(1) and that penalties mentioned in RCW 9A.76.170(3) are a separate and subsequent judicial determination." *Williams*, 162 Wn.2d at 184. The court explained that the elements outlined in RCW 9A.76.170(1) make no reference to the penalty classifications in RCW 9A.76.170(3). *Williams*, 162 Wn.2d at 188. Because the "underlying offense is merely a gateway to get to the separate bail jumping charge," *Williams* held that "classification of the underlying crime is not an essential element of bail jumping and, therefore, does not have to be included in the to-convict instruction." *Williams*, 162 Wn.2d at 188.

Anderson cites *Williams* for the proposition that "the name of the underlying crime . . . is an essential element [of bail jumping]." Br. of Appellant 24. The State concurs with Anderson's interpretation and argues harmless error. We disagree with both parties and do not address harmless error.

*Williams* stated that "simple identification of the alleged crime is sufficient." 162 Wn.2d at 188. It did not state that identification by name is required. Because the instruction in *Williams* named the underlying crime, the only pertinent issue related to its classification. 162 Wn.2d at 188. The *Williams* holding is therefore restricted to the question of penalty classification. *Williams* held that penalty classification was *not* required. 162 Wn.2d at 188. It did not hold that naming

the underlying conviction *was* required.  In fact, the latter holding would directly contradict the reasoning in *Gonzalez–Lopez*, which *Williams* explicitly endorsed.  *Williams*, 162 Wn.2d at 184.

Under the plain meaning of the statute, *Williams*, and *Gonzalez–Lopez*, neither the exact name nor the penalty classification of the underlying crime is an essential element of bail jumping. 162 Wn.2d at 184; 132 Wn. App. at 636.  Therefore, only a "simple identification" is necessary. *Williams*, 162 Wn.2d at 187.

The uncontested facts show the State charged Anderson with possession of stolen property in the first degree, a class B felony.  He posted bail, received notice of his subsequent court date, and failed to appear for it.  The to convict instruction identified Anderson's underlying charge of possession of stolen property in the first degree by penalty classification.  The name of the underlying charge is not an essential element and it is not necessary for "identification" under *Williams* or any other authority cited to us.  162 Wn.2d at 187; RCW 9A.76.170(1).

We affirm.

_____
Melnick, J.

We concur:

_____
Worswick, P.J.

_____
Lee, J.