IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80154-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHELE LYNN HUNTLEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — No particular amount of time is required for a court's consideration of sentencing materials when the record shows it reviewed them. Because the record shows the court considered all sentencing materials presented to it before sentencing Michele Huntley, it did not err. But because the record shows the court intended to strike all discretionary legal financial obligations (LFO) from the judgment and sentence and did not do so, a limited remand for a ministerial hearing is appropriate. And because it is unclear whether the court made a scrivener's error regarding how long Huntley had to pay restitution and for the sake of judicial economy, clarification of this issue is also appropriate on remand.

Therefore, we affirm in part and remand for proceedings consistent with this opinion.

FACTS

Huntley pleaded guilty to eight criminal charges from her theft of almost $2,000,000 from her employer. Several days before sentencing, defense counsel delivered her sentencing memorandum to the State and courthouse, but the judge did not receive it until the hearing had begun. The judge called a recess and reviewed the entire memorandum. After argument from the State and defense counsel, a statement from Huntley's former employer, and an allocution with Huntley, the court sentenced her to 57 months incarceration at the high end of the standard range. The court imposed this sentence "mostly because of the sophisticated nature and long-term time period that the crime spanned."[1] The court required that Huntley pay restitution to her victim and pay mandatory LFOs only.

Huntley appeals.

ANALYSIS

The Sentencing Reform Act of 1984 does not allow appeal of the length of any sentence within the standard range, but a defendant can appeal the procedures followed when the court imposed a standard-range sentence.[2] Huntley argues the court erred by not giving sufficient consideration to the 33-page

---

[1] Report of Proceedings (Jan. 22, 2019) at 21.

[2] State v. Ammons, 105 Wn.2d 175, 182-83, 713 P.2d 719 (1986); RCW 9.94A.585(1).

defense sentencing memorandum because the judge took a recess of 19 minutes to review it.[3]

The court reported reviewing the entire sentencing memorandum. This is sufficient to rebut Huntley's argument, and the court's questions during sentencing provide additional support. For example, the court considered when to set Huntley's prison report date by asking if her father's last cancer treatment was on February 21, 2019, which was in appendix C on page 18 of the sentencing memorandum. And the court clearly considered Huntley's request from page 15 of the memorandum "to please grant me to be able to finish treatment with my father" by setting February 25, 2019 as her report date. Because the record shows the court considered all materials presented for sentencing, it did not err.

Huntley argues the court erred by imposing mandatory LFOs when she is indigent. Specifically, she contends any supervision fees imposed by the Department of Corrections constitute a mandatory LFO prohibited by

---

[3] Huntley also argues the court abused its discretion by "fail[ing] to base the length of punishment on an individual's particular circumstances." Appellant's Br. at 6 (citing Brunson v. Pierce County, 149 Wn. App. 855, 861, 205 P.3d 963 (2009); State v. Landsiedel, 165 Wn. App. 886, 889, 269 P.3d 347 (2012)). Neither case is apt. In Brunson, the court considered whether a hearing officer erred when she suspended three women of their professional licensures and refused to consider a suspension of less than one year. 149 Wn. App. at 858-60. And the proposition Huntley cites from Brunson was based on State v. Pettitt, 93 Wn.2d 288, 294-96, 609 P.2d 1364 (1980), a case considering whether a prosecutor abused his discretion by filing charges without considering mitigating factors. Landsiedel analyzed whether a court's failure to consider a proposed sentencing alternative required resentencing. 165 Wn. App. at 886. Neither case is germane to the circumstances here.

RCW 10.101.010.  Because supervision fees are discretionary,[4] we accept the State's concession that remand is appropriate for a ministerial hearing regarding these fees.

Huntley argues the court made a scrivener's error when it wrote she had five years to repay her LFOs and restitution after saying during sentencing that she would have 10 years to do so.  On this record, it is inconclusive whether the court made a scrivener's error or changed its decision.  But because remand is necessary and for the sake of judicial economy, clarification on this issue is appropriate on remand.

Therefore, we affirm Huntley's sentence and remand for proceedings consistent with this opinion.

_____

WE CONCUR:

_____     _____

---

[4] <u>State v. Dillon</u>, 12 Wn. App. 2d 133, 152, 456 P.3d 1199, <u>review denied</u>, 195 Wn.2d 1022 (2020).