# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53034-1-II |
| Respondent, | |
| v. | |
| LEONID PETROVICH KUZKIN, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Leonid Kuzkin appeals his convictions for two counts of bail jumping arguing that the trial court abused its discretion by admitting evidence that he had previously been charged with a class C felony and including that information in the to-convict instructions. We disagree and affirm Kuzkin's convictions.

## FACTS

The State charged Kuzkin with possession of a controlled substance (methamphetamine), which is a class C felony.[1]  After Kuzkin failed to appear at two required court dates, the State charged Kuzkin with two counts of bail jumping.

Before trial, Kuzkin moved to prohibit the State from referencing that Kuzkin had been charged with possession of a controlled substance or that he had been charged with a class C felony, arguing that hearing the name of the crime or its classification was irrelevant and prejudicial.  Kuzkin proposed that the underlying crime be identified only by reference to RCW

---

[1] Kuzkin was also charged with a gross misdemeanor involving an ignition interlock violation. That charge is not germane to his convictions or his arguments on appeal.

69.50.4013(2). The trial court denied Kuzkin's motion stating, "I don't believe naming either possession of a controlled substance . . . or a felony is misleading or confusing." Report of Proceedings (RP) at 26. The trial court gave Kuzkin the choice of referring to the charge by name—"possession of a controlled substance"—or by classification—"Class C felony." RP at 26-27. Kuzkin opted to refer to the charge by classification as a class C felony.

At trial, a Clark County prosecutor testified that Kuzkin was charged with a class C felony when he missed court dates in September 2017 and January 2018. The trial court instructed the jury that to convict Kuzkin of bail jumping as charged in each count, the State had to prove beyond a reasonable doubt, in relevant part, that Kuzkin was charged with a "class C felony." Clerk's Papers (CP) at 115-16. The jury found Kuzkin guilty of both bail jumping charges.

Kuzkin appeals his convictions for bail jumping.

ANALYSIS

Kuzkin argues that the trial court abused its discretion by admitting evidence that he had previously been charged with a class C felony and by including that information in the to-convict instructions. Specifically, Kuzkin argues that testimony that Kuzkin had been charged with a class C felony was irrelevant and unduly prejudicial. We disagree.

At the time of Kuzkin's offenses, a defendant was guilty of bail jumping if the State proved beyond a reasonable doubt that the defendant was released by court order or admitted to bail with the knowledge of the requirement of a subsequent personal appearance and failed to appear as required. Former RCW 9A.76.170(1)(a) (2001). The classification of bail jumping depends on the classification of the underlying charge. Former RCW 9A.76.170(3).

2

We review evidentiary rulings for an abuse of discretion. *State v. Darden*, 145 Wn.2d 612, 619, 41 P.3d 1189 (2002). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *Darden*, 145 Wn.2d at 619. We also review a trial court's choice of jury instructions for an abuse of discretion. *State v. Hathaway*, 161 Wn. App. 634, 647, 251 P.3d 253 (2011). Jury instructions are appropriate if they are supported by substantial evidence, allow a defendant to argue his theories of the case, are not misleading, and when read as a whole properly state the applicable law. *State v. Anderson*, 3 Wn. App. 2d 67, 69-70, 413 P.3d 1065 (2018).

ER 401 provides that evidence is relevant if it makes a fact "of consequence to the determination of the action" more probable or less probable. "The threshold to admit relevant evidence is low, and even minimally relevant evidence is admissible." *State v. Gregory*, 158 Wn.2d 759, 835, 147 P.3d 1201 (2006). Even if evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." ER 403. Evidence is unfairly prejudicial if it is "'more likely to arouse an emotional response than a rational decision by the jury.'" *City of Auburn v. Hedlund*, 165 Wn.2d 645, 654, 201 P.3d 315 (2009) (internal quotation marks omitted) (quoting *State v. Cronin*, 142 Wn.2d 568, 584, 14 P.3d 752 (2000)).

The parties here focus on *State v. Williams*, 162 Wn.2d 177, 186-87, 170 P.3d 30 (2007) and *Anderson*, 3 Wn. App. 2d at 67. Both cases involved challenges to to-convict instructions for bail jumping. In *Williams*, our Supreme Court rejected the argument that a to-convict instruction for bail jumping was fatally flawed because it named the underlying crime but did not identify its classification as a felony or misdemeanor. 162 Wn.2d at 186. The *Williams* court

held that the classification of the underlying crime is not an essential element of bail jumping and therefore does not have to be included in the to-convict instruction. 162 Wn.2d at 188. The Court explained that "simple identification of the alleged crime is sufficient." 162 Wn.2d at 188.

In *Anderson*, this court addressed the inverse argument—that the to-convict instruction was fatally flawed because it did not specify the underlying crime for the bail jumping charge by name and instead only listed the classification of the underlying crime. 3 Wn. App. 2d at 70. We rejected Anderson's argument, holding that the "particular crime" was not an element of bail jumping. 3 Wn. App. 2d at 71. We explained that neither the exact name nor the penalty classification of the underlying crime is an essential element of bail jumping, and held that only a simple identification of the underlying charge is necessary. *Anderson*, 3 Wn. App. 2d at 72. In *Anderson*, the classification of the underlying crime constituted an acceptable simple identification of the underlying charge. 3 Wn. App. 2d at 72-73.

Kuzkin argues, based on *Williams* and *Anderson*, that because the penalty classification of the underlying charge is not an essential element of bail jumping, the penalty classification was not relevant. His logic fails. That a fact is not an essential element of a crime does not make evidence of that fact irrelevant. Indeed, in *Anderson*, we held that the underlying charge is relevant as to the classification of the bail jumping charge. 3 Wn. App. 2d at 71. Additionally, the fact that Kuzkin was charged with a class C felony is minimally relevant to whether Kuzkin was required to appear in court, which is an essential element of bail jumping.[2] RCW 9A.76.170(1)(a).

---

[2] That is not to say that a different means of identifying the underlying charge would be irrelevant. Nor are we opining on which means of identifying the underlying charge would be *best*. Such determinations are best left to the discretion of the trial court.

No. 53034-1-II

Unlike in *Williams* and *Anderson*, Kuzkin also argues that evidence of the classification of his underlying charge and referencing the classification in the to-convict instruction was unduly prejudicial. But the testimony that Kuzkin had been charged with a class C felony was a minor moment in the trial not likely to arouse an emotional response from the jury, and the to-convict instruction properly stated the applicable law.

Especially given the *Anderson* court's approval of a to-convict instruction listing the penalty classification, we cannot hold that the trial court's decision here to admit evidence of the penalty classification and to include it in the to-convict instruction was manifestly unreasonable or based on untenable grounds. Referencing the penalty classification was a reasonable means of including "simple identification" of the underlying charge and was not unduly prejudicial.

Accordingly, we hold that the trial court did not abuse its discretion by denying Kuzkin's motion in limine and admitting evidence that he had been charged with a class C felony or by referencing "class C felony" in the to-convict instructions. CP at 115-16.

We affirm Kuzkin's bail jumping convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

I concur:

_____
Glasgow, J.

5

MAXA, J. (concurring) – The trial court clearly erred in instructing the jury in the to-convict instruction that to convict Leonid Kuzkin of bail jumping, the State was required to prove that Kuzkin had been charged with a class C felony. To the extent that the court was required to identify the offense with which Kuzkin had been charged, the court should have granted Kuzkin's request to identify the offense by the applicable RCW instead of forcing Kuzkin to choose between informing the jury of the name of the offense or the penalty classification. However, because the trial court's error was harmless, I concur in the result.

Under former RCW 9A.76.170(1)(a) (2001), a person is guilty of bail jumping if he or she (1) was released by court order (2) with knowledge of the requirement of a subsequent personal appearance, and (3) fails to appear. Former RCW 9A.76.170(3) provides that the classification of the bail jumping offense depends on the classification of the offense in the proceeding for which the defendant failed to appear.

The Supreme Court in *State v. Williams* held that the penalty classification of the underlying offense is a not an essential element of bail jumping and does not have to be included in the to-convict instruction. 162 Wn.2d 177, 186-188, 170 P.3d 30 (2007). The court stated that "a simple identification of the alleged crime is sufficient." *Id.* at 188.

This court in *State v. Anderson* held that "neither the exact name nor the penalty classification of the underlying crime is an essential element of bail jumping." 3 Wn. App. 2d 67, 72, 413 P.3d 1065 (2018). The court repeated the statement in *Williams* that only a simple identification of the offense was necessary. *Id.*

Here, the trial court's to-convict instruction indicated that the penalty classification of the underlying offense was an essential element of bail jumping – the instruction required the State to prove that Kuzkin was convicted of a class C felony to convict him. Under *Williams* and *Anderson*, this was clear error. As an alternative, the trial court gave Kuzkin the choice of stating the name of the underlying offense – possession of methamphetamine – instead of the penalty classification in the to-convict instruction. But under *Anderson*, including the name of the offense as an element of bail jumping also would have been error.

Ordinarily, requiring the State to prove an additional element would benefit the defendant. But stating either the penalty classification or the name of the underlying offense in the to-convict instruction potentially is prejudicial to a defendant because it allows the jury to assume that he or she has a bad character or has the propensity to commit criminal acts. *See State v. Newton*, 109 Wn.2d 69, 73, 743 P.3d 254 (1987).

*Williams* and *Anderson* support the proposition that the underlying offense must be identified somewhere in the jury instructions, if not in the to-convict instruction. *Williams*, 162 Wn.2d at 188; *Anderson*, 3 Wn. App. 2d at 72. But neither case requires the instructions to state either the penalty classification or the name of the offense, as the trial court suggested here. Instead, "a simple identification of the alleged crime is sufficient." *Williams*, 162 Wn.2d at 188.

Kuzkin suggested such a "simple identification" – use of the RCW describing the offense. The trial court erred in not using the applicable RCW to identify the underlying offense and instead forcing Kuzkin to choose to inform the jury of either the penalty classification or the name of the offense.

Nevertheless, I agree with the State that the error here was harmless because of the overwhelming evidence that supported the actual elements of bail jumping. Therefore, I agree with the result of the majority opinion.

MAXA, J.